In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, Petitioner, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, et al., Respondents.

Third Department, June 4, 1969.

132

*DeGraff, Foy, Conway & Holt-Harris* (*John T. DeGraff, John Carter Rice* and *Frederick C. Riester* of counsel), for petitioner.

*Melvin H. Osterman, Jr.,* for State of New York, intervenor.

*Jerome Lefkowitz, Martin L. Barr, Paul E. Klein, Jerome Thier* and *Robert J. Miller* for Public Employment Relations Board, respondent.

*Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison* (*Simon H. Rifkind, Julius Topol, Ronald Rosenberg* and *Martin London* of counsel), for New York State Employees Council 50, American Federation of State, County and Municipal Employees, AFL-CIO, respondent.

*John R. Harold* for Local 223, Building Service Employees' International Union and another, respondents.

*Per Curiam.* This proceeding was brought under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term entered in Albany County) to review a decision of the Public Employment Relations Board which, in a representation status dispute, established five employer-employee negotiating units for State employees.

Following the enactment of the Public Employees' Fair Employment Act (Civil Service Law, art. 14; L. 1967, ch. 392, also known as the Taylor Act) the State of New York, as employer (acting through the State Negotiating Committee) announced that it would negotiate collectively with three units of State employees: professional employees of the State University, members of the State police, and a general unit of all other State employees except members of the militia and those deemed to be management. The petitioner was recognized to negotiate on behalf of employees of the general unit for a one-year period. Pursuant to procedures established by respondent board in accordance with the statute (Civil Ser-

vice Law, § 205, subd. 5, par. [a]; 4 NYCRR 201.1-201.7) various other employee organizations, some of which are respondents herein, filed petitions with the board contesting the appropriateness of the general unit designated by the State Negotiating Committee and objecting to the recognition of the petitioner as representative for the employees of that unit. As required by the procedures established by the board (4 NYCRR 201.4 [a] [3]) each petition for certification contained a description of the negotiating unit claimed to be appropriate, but permission to amend was freely granted in the course of the administrative hearings, with the result that the board considered some 26 proposed negotiating units.

Upon the record of the hearings held upon the petitions filed and the recommendation of its Director of Representation, the board determined that neither the general unit designated by the employer nor the units claimed by the petitioning employee organizations were appropriate under the standards prescribed by the statute (Civil Service Law, § 207, subd. 1, par. [a]), upon findings that:

" The enormity of this diversity of occupations and the great range in the qualifications requisite for employment in these occupations would preclude effective and meaningful representation in collective negotiations if all such employees were included in a single unit. The occupational differences found here give rise to different interests and concerns in terms and conditions of employment. This, in turn, would give rise to such conflicts of interest as to outweigh those factors indicating a community of interest.

" Thus, the implementation of the rights granted by the Act to all public employees mandates a finding that a single unit would be inappropriate.

" On the other hand, to grant the type of narrow occupational fragmentation requested by the petitioners would lead to unwarranted and unnecessary administrative difficulties. Indeed, as the State contends, it might well lead to the disintegration of the State's current labor relations structure."

Having rejected the units designated or proposed by the litigants, the board determined that five units, based on occupational groupings, were appropriate under the statutory standards: an operational services unit, a security services unit, an institutional services unit, an administrative services unit, and a professional services unit.

Petitioner contends that the board's determination, insofar as it rejects the general unit designated by the State Negotiating Committee and establishes five units not requested by any

of the parties before it, is arbitrary, capricious, and not supported by substantial evidence, and urges that the public employer's designation of the general unit be reinstated.

While the public employer, in the course of extending recognition to employee organizations, may initially designate bargaining units (*Matter of Civil Serv. Employees Assn.* v. *Helsby,* 21 N Y 2d 541, 548), the statute (§ 207, subd. 1) expressly authorizes the board to establish appropriate employer-employee negotiating units, applying those standards prescribed by the Legislature. Such determination must be made by providing a resolution of a particular dispute as to representation status on petitions filed with it pursuant to section 205, but we do not construe the board's function as being limited to a review of the employer's designation or to approving or disapproving units proposed by the parties to the dispute.

In any event, there was testimony, particularly that of Daniel Nelson and Gerald McEntee, from which the board could reasonably infer that the divergent interests and aspirations concerning terms and conditions of employment between employees in nonrelated occupations would give rise to conflicts which would prevent all employees in a single unit from being represented effectively. The testimony introduced by the petitioning employee organizations does indicate that each sought a unit or units consistent with its own organizational pattern without regard to a rational pattern applicable to all employees, as required by the act.

It cannot be said that the board's determination of the appropriate units lacks evidentiary support, or was arbitrary or capricious, or that the board deviated from the statutory standards. The evidence in this record was comprehensive. It includes a description of the training required for every position in State service; the duties and functions of every position; the promotional opportunities of State employees; the grievances articulated by diverse groups of employees within State service; the problems created by too large a unit in Philadelphia and in Rochester; and the problems created by too many small units in New York City. The parties were not denied an opportunity to present evidence relating to the appropriateness of the units ultimately defined by the board. The procedures established pursuant to the statute (4 NYCRR 201.7 [b]) permit the board to conduct further hearings upon the report and recommendation of the Director of Representation. The counsel to respondent board stated, upon the argument, that no party requested the board to conduct such a hearing. The units

defined by the board appear to be reasonable and in accord with the standards laid down by the Legislature.

The determination should be confirmed and the petition dismissed, without costs.

HERLIHY and STALEY, JR., JJ. (concurring in result). We concur in the result but on the sole and limited ground that the present record contains substantial evidence to sustain the board's finding, and that the determination is neither arbitrary nor capricious.

In addition, we agree with the position taken by the intervenor State of New York that in the interest of expediting the resolution of the issues the determination of the board should be confirmed.

GIBSON, P. J., COOKE and GREENBLOTT, JJ., concur in *Per Curiam* opinion; HERLIHY and STALEY, JR., JJ., concur in the result, in an opinion.

Determination confirmed, without costs.