In the Matter of SAMUEL E. WAKSHULL, as President of State University Federation of Teachers, Local 1733, AFT, AFL-CIO, et al., Petitioners, *v.* ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondents.

Third Department, November 10, 1970.

*Vladeck, Elias, Vladeck & Lewis* (*Stephen C. Vladeck* and *Zachary Wellman* of counsel), for petitioners.

*Jerome Lefkowitz* for respondents.

*Melvin H. Osterman, Jr.,* for State of New York, intervenor.

*De Graff, Foy, Conway & Holt-Harris* for Civil Service Employees Association, intervenor.

*Kaye, Scholer, Fierman, Hays & Handler* for Faculty Senate, intervenor.

*Matthew F. Finken* for Council of Affiliated Chapters of the American Association of University Professors, intervenor.

REYNOLDS, J. This is a proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court by order of the Supreme Court, Albany County) to review a decision of the Public Employment Relations Board which, in a representation status dispute, established a State-wide employer-employee negotiating unit for professional employees of the State University of New York.

Following the enactment of the Public Employees' Fair Employment Act (Civil Service Law, art. 14; L. 1967, ch. 392) the State of New York, as employer, defined three negotiating units for its employees, one of which was for professional employees of the State University. Petitioners objected to the appropriateness of this determination, first urging instead that the appropriate unit would be the local college campus, but later in the course of the administrative hearing modifying their position to propose a dual-unit structure comprising separate units at each campus to negotiate local issues, with the formation of a council of local representatives to negotiate with the central administration of the university on State-wide issues. After lengthy hearings extending over a period of almost a year, the Director of Representation issued a decision finding that a State-wide unit including both academic and administrative professional employees (excluding certain specified titles which all parties agreed would be considered "management") was appropriate and directing that an election be held to determine the employee's choice of a negotiating representative for the unit. On October 6, 1969, the board affirmed the decision of the Director, and the instant proceeding was thereafter commenced to review and annul that determination.

Petitioners first urge that the definition of a State-wide unit was arbitrary, capricious and not supported by substantial evidence. We cannot agree with this contention. Our review of the board's determination is limited to whether " the board's determination of the appropriate units lacks evidentiary support, or was arbitrary or capricious, or that the board deviated from the statutory standards " (*Matter of Civil Serv. Employees Assn.* v. *Helsby,* 32 A D 2d 131, 134, affd. 25 N Y 2d 842). The board clearly complied with the statutory criteria in defining

the appropriate negotiating unit (Civil Service Law, § 207, subd. 1), and there is unquestionably substantial evidence in the record to support its determination establishing a State-wide unit.

Similarly we find no merit in petitioners' contention that the inclusion of associate and assistant deans in the unit is without basis in the record. Petitioners' argument on this issue suggests that proof should have been offered to demonstrate the existence of a community of interest among each and every title included within the term " professional employees ". But this is not the posture in which the hearings were conducted, nor as a practical matter could they have been, considering the multiplicity of positions involved, and there is ample evidence of a community of interest among all professional employees of the State University. Accordingly, the board was not unreasonable in rejecting petitioners' evidence to the contrary. The fact that there may be some conflict of interest between the dean and the faculty, due to the supervisory duties of the deans, does not compel their exclusion from the negotiating unit.

Petitioners finally contend that the board violated one of its own rules (4 NYCRR 201.7) when it permitted the Faculty Senate to intervene in the proceedings because it is not an " employee organization " as defined by the statute. Without deciding the merits of this contention we fail to see how petitioners are aggrieved by the board's ruling on the Faculty Senate's standing. According to the board's rules (4 NYCRR 201.7), " one or more public employees, an employee organization acting in their behalf, or a public employer may be permitted * * * to intervene in a proceeding." Thus, even if the Faculty Senate were not a bona fide employee organization, its individual members could have participated in these hearings. The decision permitting the Faculty Senate to intervene is nothing more than an intermediate procedural ruling and the petitioners' complaint is premature.

Respondents' position that this court has no jurisdiction in that its decision is nonfinal is in the present circumstance involving State-wide units without merit (*Matter of Civil Serv. Employees Assn.* v. *Helsby,* 31 A D 2d 325, affd. 24 N Y 2d 993).

The decision should be confirmed, with one bill of costs to respondents filing briefs.

HERLIHY, P. J., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Decision confirmed, with one bill of costs to respondents filing briefs.