■ In the Matter of Local 342, Long Island Public Service Employees, United Marine Division, National Maritime Union, AFL-CIO, Petitioner, v Robert D. Helsby et al., Constituting the Public Employment Relations Board of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board of the State of New York, which dismissed petitioner's application for certification as the exclusive negotiating representative of the full-time blue collar employees of the Town of Smithtown. Since the enactment of the Taylor Law in 1967, agreements have been negotiated between the Town of Smithtown and the Suffolk County Chapter of the Civil Service Employees Association (CSEA) on behalf of a unit represented by CSEA and covering both white and blue collar employees of the town. On May 6, 1974, the petitioner filed an application seeking decertification of CSEA and its own certification as the exclusive negotiating representative of a unit of all full-time blue collar employees of Smithtown. A hearing was held before the acting director of representation who dismissed the application, holding that a separate unit

for blue collar employees was not warranted, though he acknowledged that in other cases separate units have been established for blue collar employees (see, e.g., *Matter of Town of Babylon,* 3 PERB 4235; *Matter of Town of Islip,* 3 PERB 4213). The petitioner filed exceptions to the decision of the acting director with the Public Employment Relations Board (PERB), which confirmed the decision of the acting director. In its decision, PERB stated: "We find that the circumstances in Smithtown are sufficiently similar to those in *Islip* and *Babylon* so that absent negotiating history, we would establish separate units for blue and white collar employees. We do find, however, that the evidence reveals a long-standing history of meaningful and effective negotiations for all Smithtown employees in the existing unit. Moreover, we find it significant that blue collar employees constitute almost two-thirds of the negotiating unit. This diminishes the likelihood that their interests have been or will be sacrificed to those of white collar workers." The petitioner commenced this article 78 proceeding to review PERB's decision confirming the decision of the acting director. Our review of determinations of PERB "is limited to whether 'the board's determination of the appropriate units lacks evidentiary support, or was arbitrary or capricious, or that the board deviated from the statutory standards' *(Matter of Civil Serv. Employees Assn. v. Helsby,* 32 A D 2d 131, 134, affd. 25 N. Y. 2d 842)" *(Matter of Wakshull v Helsby,* 35 AD2d 183, 184). Petitioner's main contention in this proceeding is that in relying heavily on past negotiating history, PERB exceeded its authority by employing nonstatutory standards. We disagree. In our view, the statute should not be read to restrict the power of PERB to take into account past negotiating history as reflective of the existence or nonexistence of conflict between the interests of different groups of employees within the unit, amongst other relevant factors, in determining whether the definition of the unit "correspond[s] to a community of interest among the employees to be included in the unit" (Civil Service Law, § 207, subd 1, par [a]). While it is true that employees within the unit differ as to duties, working hours, and other factors which might affect negotiating interests, the record is devoid of evidence that there exists conflict of interest or the threat thereof so as to prevent effective negotiations. To the contrary, the record indicates that the majority of employees in the unit are blue collar, that blue and white collar employees receive identical fringe benefits and received almost identical wage increases in the last negotiated contract, that blue collar workers had at least equal if not majority representation on the negotiating team, that demands were formulated after meetings with all employees, and that there was no notable dissatisfaction with the last contract which was ratified by an overwhelming majority of those who voted. In view of these factors, we conclude that the determination of PERB is supported by substantial evidence and must be sustained. We have examined petitioner's other contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.