■ In the Matter of the COMMITTEE OF INTERNS AND RESIDENTS et al., Appellants, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board of the State of New York (NYPERB), which dismissed petitioner's application to decertify the Civil Service Employees Association and to certify petitioner as the bargaining representative for the house staff officers employed by the Nassau County Medical Center. The Nassau County Public Employment Relations Board (NCPERB) established a collective bargaining unit representing, among others, the house staff officers* at the Nassau County Medical Center. The entire CSEA bargaining unit contained approximately 11,000 employees, while the house staff numbered only 225. In May, 1974, petitioner, the Committee of Interns and Residents (CIR), applied to NCPERB for decertification of CSEA and certification of itself as bargaining representative of the house staff at the Nassau County Medical Center. On June 1, 1978, NCPERB adopted the hearing officer's report dismissing CIR's petition. Thereafter, CIR petitioned NYPERB for review of NCPERB's decision. In dismissing CIR's petition, NYPERB held that NCPERB had fully considered and determined the issue in concordance with the statutory criteria. Under section 207 (subd 1, par [a]) of the Civil Service Law, which establishes the criteria for the delineation of bargaining units, it is required that, among other factors, past negotiating history should be taken into account "as reflective of the existence or nonexistence of conflict between the interests of different groups of employees within the unit * * * in determining whether the definition of the unit 'correspond[s] to a community of interest among the employees to be included in the unit' " *(Matter of Local 342, Long Is. Public Serv. Employees, United Mar. Div., Nat. Mar. Union, AFL-CIO v Helsby*, 53 AD2d 805, 806). "In other words, there is a strong inclination against fragmentation of existing negotiating units" *(Matter of County of Erie [Meyer Mem. Hosp.]*, 8 PERB par 4045). The record herein supports the decision that it was impracticable to segregate the residents and interns from the rest of the bargaining unit. Some

* "House Staff Officers" are those who have completed medical school and are working as interns and residents at the hospital.

members of the group taught, others were students, and others assigned and oversaw the work of staff officers. Even though there was a uniqueness to the proposed unit, there were hierarchical relations which varied little from the existing bargaining unit. Further, petitioners did not show that the current bargaining unit failed in any way to carry forward the needs and positions of petitioners or act upon any of their grievances adequately. Furthermore, in our view, the requirement of section 207 (subd 1, par [c]) of the Civil Service Law that the unit must "be compatible with the joint responsibilities of the public employer and public employees to serve the public" has been complied with. There is support for the finding of the hearing officer that fragmentation of the bargaining unit would increase the potential for conflict, rather than remedy it. The record lacks evidence that there exists a conflict of interest so as to prevent effective negotiations. "PERB's statutory function * * * is not to resolve competing union interests.. Rather, it is to weigh the joint responsibilities of public employers and public employees to serve the public interests" *(Matter of Bivins v Helsby,* 55 AD2d 230, 234, mot for lv to app den 41 NY2d 805). Finally, though the result reached in the instant case was apparently at odds with the decision in *Matter of County of Erie [Meyer Mem. Hosp.)* (9 PERB par 3029), the two decisions are compatible. In *Matter of County of Erie,* no per se rule requiring separate bargaining units for house staff officers was created. It was only on the facts of that case that separate units were warranted. Our review of NYPERB decisions is limited to whether the board's determination of the appropriate units lacks evidentiary support, was arbitrary or capricious, or that the board deviated from the statutory standards *(Matter of Civil Serv. Employees Assn. v Helsby,* 32 AD2d 131, 134, affd 25 NY2d 842). Since the facts in the instant case reveal no failure of representation by the current bargaining unit, there appears a rational basis to maintain the *status quo* rather than fragmenting the units for no compelling reason. Decision confirmed, and petition dismissed, with costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.