OPINION OF THE COURT
William F. McDermott, J.
In this CPLR article 78 proceeding, petitioner, the Unified Court System, seeks to annul the decisions and orders of the Public Employment Relations Board of the State of New York, which directed the inclusion of the title of Family Court Hearing Examiner into nine existing bargaining units of nonjudicial employees of the Unified Court System, which are currently represented by the Civil Service Employees Association.
On August 31, 1987, the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (petitioner; CSEA) filed nine petitions seeking to add the currently unrepresented title of Family Court Hearing Examiner to nine existing negotiating units of nonjudicial employees of the State of New York — Unified Court System for which it is the authorized bargaining agent.
By a notice of motion dated April 10, 1990, returnable May 4, 1990, CSEA seeks an order dismissing the petition on points of law or in the alternative permitting the CSEA to answer pursuant to CPLR 7804.
By decision and order dated April 26, 1989, the Public Employment Relations Board (PERB) determined that because Family Court Hearing Examiners are public employees who were not statutorily excluded from coverage under the Fair Employment Act (Civil Service Law § 201 [7] [a]), as are Judges and Justices of the Unified Court System, they are subject to inclusion in negotiating units and that the negotiating units proposed by CSEA to include Family Court Hearing Examiners were appropriate.
Thereafter, on June 27, 1989, the Director of Public Employment Practices and Representation decided to add the Hearing Examiner positions to each of the petitioned-for negotiating units.
On December 21, 1989, PERB certified CSEA as the exclusive representative for the purpose of collective negotiations and the settlement of grievances for all employees, including *501 Family Court Hearing Examiner, in the nine negotiating units.
This article 78 proceeding challenges PERB’s April 26, September 26, and December 21, 1989 orders as arbitrary and contrary to law.
"Since the determination of an appropriate bargaining unit 'is more nearly "legislative” than "adjudicative” ’ (Utica Mut. Ins. Co. v. Vincent, 375 F. 2d 129, 134, cert. den. 389 U. S. 839), the judicial review to which it will be subjected is narrow and circumscribed.” (Matter of Long Is. Coll. Hosp. v New York State Labor Relations Bd., 32 NY2d 314, 321.)
This court’s review of a uniting decision by PERB is limited to whether the Board’s determination of the appropriate units is "arbitrary” or "capricious” (Matter of Long Is. Coll. Hosp. v New York State Labor Relations Bd., 32 NY2d 314, 321, supra); which this court interprets (based upon its reading of Matter of Long Is. Coll. Hosp. v New York State Labor Relations Bd., supra, and Matter of Bivins v Helsby, 55 AD2d 230) as also including a lack of any factual support in the record; or deviates from the statutory standards (Matter of Civil Serv. Employees Assn. v Helsby, 32 AD2d 131, 134, affd 25 NY2d 842; Matter of Committee of Interns & Residents v New York State Pub. Employment Relations Bd., 78 AD2d 730, 731).
The Unified Court System asserts that Family Court Hearing Examiners are uniquely situated and differ from all other nonjudicial employees of the Unified Court System in that they are quasi-judicial officers who are subject to the Code of Judicial Conduct — though not the Rules of Judicial Conduct (see, 22 NYCRR part 100).
Of particular concern is Code of Judicial Conduct Canon 7 (A) which provides: "A Judge Should Refrain from Political Activity Inappropriate to His Judicial Office”.
Petitioner argues, in essence, that the Family Court Hearing Examiners run the risk of being subjected to disciplinary action for a violation of Canon 7 (A) by virtue of their representation by a politically active union such as CSEA.* Therefore, petitioner maintains, these employees share no "community of interest” with the other nonjudicial employees in the existing bargaining units.
*502 It is conceded that CSEA is involved in political activity. It endorses and provides support to political candidates at all levels of government, engages in lobbying in support of legislation and solicits funds for political action committees. All employees represented by CSEA are required to pay either annual dues or an agency shop fee, a percentage of which is allocated for political or ideological purposes.
However, there is an evidentiary and thus a rational basis for the finding that Family Court Hearing Examiners share a "community of interest” with other employees in the units. Other unit positions, notably Law Clerks to Supreme Court Judges and Law Assistant-Referees, are quasi-judicial in nature. Persons in these titles perform substantially similar tasks to those in the title of Family Court Hearing Examiner and their terms and conditions of employment do not differ to a significant degree.
The standards to be considered in a uniting decision are set forth in section 207 of the Civil Service Law.
That section entitled: "Determination of representation status” provides in pertinent part as follows:
"For purposes of resolving disputes concerning representation status, pursuant to section two hundred five or two hundred six of this article, the board or government, as the case may be, shall
"1. define the appropriate employer-employee negotiating units taking into account the following standards:
"(a) the definition of the unit shall correspond to a community of interest among the employees to be included in the unit * * *
"(c) the unit shall be compatible with the joint responsibilities of the public employer and public employees to serve the public.” (Civil Service Law § 207 [1] [a], [c].)
As written, these standards relate to the composition of the units, they do not authorize the making of a. uniting determination based upon the political activities of the bargaining agents for the units.
Neither the Legislature, nor the courts (see, Matter of Association of N. Y. State Civ. Serv. Attorneys v Helsby, 32 AD2d 1028, affd 27 NY2d 972) have directed PERB to consider professional ethical codes in making uniting determinations.
And although quasi-judicial officers are subject to the Code of Judicial Conduct, the Legislature has never amended the *503 Civil Service Law to exempt quasi-judicial officers in general, nor Family Court Hearing Examiners, in particular, from the definition of the term "public employee” in Civil Service Law § 207 (1).
Using an advisory opinion to create a blanket exclusion for an entire group of employees which the Legislature has not seen fit to exempt, means engrafting an "ethical codes” standard into those standards traditionally utilized to make uniting determinations. Here, such action would be an unwarranted supplantation of the legislative prerogative.
Petitioner’s argument also ignores the fact that there are large numbers of Administrative Law Judges throughout the State to whom the Code of Judicial Conduct also applies, yet they are represented in bargaining units by public employee organizations that engage in political activities.
Furthermore, Family Court Hearing Examiners need not be members of CSEA and according to CSEA’s constitution and bylaws, they may seek a pro rata reimbursement of any dues which are allocated by the union to political activities. Section 208 (3) (a) of the Civil Service Law similarly requires a pro rata refund, upon request, of an employee’s agency shop fees which are allocated to political activities. Thus, as a practical matter, the court finds it very difficult to conceive of a situation where a Family Court Hearing Examiner will run afoul of the Code of Judicial Conduct simply because he or she is represented for collective bargaining purposes by a union which engages in political activities. Indeed no concrete example is offered by the petitioner.
Petitioner also argues that membership of Family Court Hearing Examiners in a politically active employee organization would create an appearance of partiality, thereby violating the "compatibility” standard, because such units would be at odds with the joint responsibilities of the Unified Court System and Family Court Hearing Examiners, to render decisions free from appearances of impropriety.
The court notes the absence of a similar clamor over the public perception of the impartiality of the various Administrative Law Judges throughout this State, whose decisions in no lesser degree, affect numerous members of the public every day.
Finally, if one were to follow the literal implication of the advisory opinion: that mere membership in an organization that engages in political activity necessarily means that a *504 quasi-judicial officer cannot be impartial in the public’s perception; then it must also follow that no Justice or Judge can be seen as impartial, as long as he or she is a member of a political party, an organized religion, the Sierra Club or the American Association of Retired Persons.
Acknowledging PERB’s expertise in this area (Matter of Bivins v Helsby, 55 AD2d 230, 232, supra), this court cannot say that PERB’s uniting decision lacks a rational basis (Pell v Board of Educ., 34 NY2d 222) and is therefore arbitrary or capricious simply because it rejected the impact of the Code of Judicial Conduct as a determinative factor in applying the "community of interest” and "compatibility” standards.
Accordingly the motion to dismiss the petition is granted.

 An advisory opinion by the Chief Administrator’s Advisory Committee on Judicial Ethics, dated May 9, 1988, concluded that Family Court Hearing Examiners, as quasi-judicial officers, may not be represented by a politically active organization such as CSEA.