■ In the Matter of MATTHEW T. CROSSON, as Chief Administrator of the Unified Court System of the State of New York, Appellant, v HAROLD R. NEWMAN et al., Individually and as Members of the Public Employment Relations Board of the State of New York, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered January 11, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review nine determinations of respondent Public Employment Relations Board regarding the inclusion of the title of Family Court Hearing Examiner into certain collective bargaining units.

This CPLR article 78 proceeding was commenced by petitioner, as Chief Administrator of the Unified Court System, to challenge certain decisions by respondent Public Employment Relations Board (hereinafter PERB) which, *inter alia,* granted the requests of respondent Civil Service Employees Association, Inc. Local 1000, AFSCME, AFL-CIO (hereinafter CSEA) to add the unrepresented title of Family Court Hearing Examiner to nine existing bargaining units. Supreme Court ultimately found for respondents and dismissed the petition on the merits (149 Misc 2d 499). This appeal followed.

Initially, we reject petitioner's contention that PERB's finding that a "community of interest" *(see,* Civil Service Law § 207 [1] [a]) existed between Hearing Examiners and employees in CSEA's bargaining units was arbitrary and capricious. In determining whether a community of interest exists, PERB considers civil service classification, salary, fringe benefits, work rules and personnel policies *(see, e.g., Matter of Local 342, Long Is. Pub. Serv. Employees v Helsby,* 53 AD2d 805, 806). Significantly, the employees need not have identical terms of employment for PERB to find a community of interest *(see, Matter of Carthage Cent. School Dist.,* 16 PERB ¶ 4055, *affd* 16 PERB ¶ 3085).

Here, PERB rationally concluded that the quasi-judicial duties of other employees in the bargaining units such as Law

Assistant-Referees and Law Clerks to Supreme Court Justices shared a community of interest with the duties of Hearing Examiner. The only difference in duties of note is that Hearing Examiners can determine matters binding on litigants. However, while this difference may be extremely relevant to outside parties such as litigants, it does not create a conflict of interest in terms and conditions between Hearing Examiners and other nonjudicial employees currently represented by CSEA. On comparing the fringe benefits of Hearing Examiners and the currently represented employees, it is notable that both groups have identical health insurance and substantially similar dental and vision benefits. Accordingly, the finding of a community of interest was neither arbitrary nor capricious.

Petitioner points out, however, that Hearing Examiners are subject to the provisions of the Code of Judicial Conduct. Canon 7 of the Code requires that anyone subject to the Code must refrain from engaging in political activity inappropriate to his or her office. Since CSEA is unquestionably an organization that supports political campaigns and engages in other political activity, petitioner argues that Hearing Examiners would be impermissibly supporting CSEA's political conduct through payment of their dues if they were added to the bargaining units. This contention is specious. First, it appears that other represented nonjudicial employees performing quasi-judicial duties such as Administrative Law Judges are also similarly subject to the Code of Judicial Conduct (see, 1991 Opns NY State Bar Assn Comm on Professional Ethics 617). More importantly, however, Civil Service Law § 208 (3) (a) allows nonmembers of the union to request a refund of the portion of their agency fee used for political action. CSEA allows its members to request an identical refund of dues. Consequently, any employee (including a Hearing Examiner) could easily avoid any criticism for encouraging political activity by simply requesting a refund of any moneys used for that purpose.

The remaining contentions raised by petitioner have been examined and have also been found to be unpersuasive.

Weiss, Yesawich Jr. and Levine, JJ., concur; Mahoney, P. J., not taking part. Ordered that the judgment is affirmed, without costs. [See, 149 Misc 2d 499.]