■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Petitioner, v NASSAU COUNTY PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents, and SHERIFFS' OFFICERS ASSOCIATION, INC., Intervenor-Respondent. [721 NYS2d 239] —Proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Public Employment Relations Board, dated January 4, 1999, which, *inter alia,* granted the petition of the intervenor Sheriffs' Officers Association, Inc., to be certified as the negotiating representative of certain classes of correction officers employed by the County of Nassau.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In reviewing a decision of a public employment relations board, it is well settled that " 'the function of [this] court is not to determine *de novo* the best or most likely or most advanta-

geous bargaining unit, but is restricted to a finding of whether PERB's decision is supported by substantial evidence * * * or is arbitrary and capricious'" (*Matter of County of Erie v New York State Pub. Empl. Relations Bd.,* 247 AD2d 671, 672; *Matter of Bivens v Helsby,* 55 AD2d 230, 232). The decision of the Nassau County Public Employment Relations Board (hereinafter PERB) granting the petition for certification of the Sheriffs' Officers Association (hereinafter SOA) to fragment and create a separate bargaining unit was neither arbitrary nor capricious (*see,* Civil Service Law § 207 [1]).

There is evidence in the record to support the PERB finding that the correction officers share a community of interest (*see, Matter of Erie County Sheriff's Police Benevolent Assn. [County of Erie],* 29 PERB ¶ 3031), that the department heads of the Sheriff's Department have the power to make effective recommendations with respect to the terms and conditions of corrections officers' employment, and that the fragmentation of the proposed unit will not cause administrative inconvenience (*see, Bivens v Helsby, supra; Central School Dist. No. 1 [Local Union No. 687],* 1 PERB ¶ 399.89). Thus, substantial evidence supports the PERB finding that the SOA was the most appropriate unit (*see, Malone Cent. School Dist. [Local 648],* 1 PERB ¶ 399.29).

The petitioner's remaining arguments do not require a different result. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.