In the Matter of INCORPORATED VILLAGE OF LAKE SUCCESS, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [837 NYS2d 743]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board dated June 8, 2005, which confirmed a determination of an administrative law judge, made after a hearing, granting the petition of the Civil Services Employees Association, Inc., Local 1000, AFSCME, AFL-CIO in *Matter of Civil Service Employees Association Local 1000, AFSCME, AFL-CIO (Incorporated Village of Lake Success)*, case No. CP-907, to place the position of police dispatcher into its already existing unit.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In reviewing a determination of a public employment relations board, this Court assesses whether the determination was supported by substantial evidence (*see Matter of Bivins v Helsby*, 55 AD2d 230, 232 [1976]). "An administrative agency's determination need not be the only rational conclusion to be drawn from the record . . . the existence of other, alternative rational conclusions does not warrant annulment of the agency's conclusion" (*Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]).

The determination of the respondent New York State Public Employment Relations Board (hereinafter PERB), confirming the determination of an administrative law judge, made after a hearing, granting the petition of the Civil Service Employees Association (hereinafter the CSEA) to place the position of police dispatcher into its already existing unit is supported by substantial evidence (*see* Civil Service Law § 207 [1]). There is evidence in the record to support the PERB finding that the police dispatchers and the CSEA unit employees share a community of interest, that there is no conflict of interest that would affect the conduct of meaningful and effective negotiations, and that the placement would not cause administrative inconvenience (*see Matter of Civil Serv. Empls. Assn. v Nassau County Pub. Empl. Relations Bd.*, 280 AD2d 599, 600 [2001]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Niagara Falls Bridge Commn. Unit, Niagara County*

*Local 832 [Niagara Falls Bridge Commn.]*, 39 PERB ¶ 3008; *Matter of Southampton Town Pub. Safety Dispatchers Benevolent Assn. [Town of Southampton]*, 22 PERB ¶ 3052). Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.