■ In the Matter of the Claim of HELEN JABLONSKI, Respondent, v. GENERAL MOTORS ACCEPTANCE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits on the grounds that decedent's death in a one-car accident while en route to a bowling match did not arise in and out of the course of employment. Decedent, whose duties were to contact General Motors dealers to induce them to make greater use of his employer's facilities, was a member of a six-team bowling league composed primarily, but not exclusively, of employees of GMAC and various General Motors dealers. On the night of February 8, 1962, while en route to participate in a league game, decedent lost control of his vehicle resulting in his death. The car was owned by the employer but could be used by decedent for personal as well as business activities. The board has found that the employer encouraged participation in the league and derived advertising benefits from having its initials on the bowling shirts and that due to the business relationship between its employees and the General Motors dealers, the bowling activities promoted good will for the employer. The question raised is whether the employer's participation in and control of the bowling activities of its employees was sufficient to constitute such activities as part of employment. This question is factual and if there is substantial evidence to support the board's determination it must be affirmed (*Matter of Nahabedian* v. *Equitable Life Ins. Co.*, 16 A D 2d 713, mot. for lv. to app. den. 11 N Y 2d 647). The record reveals that the bowling league, which had been formed more than two years prior to decedent's death, consisted of three teams made up primarily of GMAC employees and three teams largely composed of General Motors dealers. There were, however, several participants who had no connection with either GMAC or the General Motors dealers. Additionally the only evidence in the record reveals that the league was formed as a spontaneous movement by the employees of GMAC and that the General Motors dealers were asked to participate solely as a social gesture to provide more participants. The only contacts GMAC had with the league were that it paid $50 to $55 for shirts which had GMAC on the back, although this was not a company requirement

and were placed there by the employees on their own initiative. The employer had no supervision over the league (it was run by an elected officer), did not contribute to the costs of running the bowling alleys, did not control the night its employees bowled, did not give time off to recruit participants or to allow its employees to participate, did not provide prizes, awards, banquets, etc., could not disband the league and required no reports. All matches were played after hours and off the premises. We think on these facts this case falls squarely within the rule of *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468) and far short of the facts presented in *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544). (*Matter of Iacovino* v. *National Biscuit Co.*, 18 A D 2d 741; cf. *Matter of Rafti* v. *Merrill Lynch, Pierce, Fenner & Smith*, 20 A D 2d 592, affd. 15 N Y 2d 497; *Matter of Nahabedian* v. *Equitable Life Ins. Co.*, *supra*; *Matter of McCarthy* v. *Dahlstrom Metallic Door Co.*, 12 A D 2d 673.) Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.