■ In the Matter of the Claim of MARY E. STILL, Appellant, v COUNTY OF DUTCHESS, DEPARTMENT OF PAROLE, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed October 26, 1984, which ruled that claimant did not sustain a causally related disability and denied her claim for benefits.

Claimant was employed as a probation officer with the County of Dutchess, Department of Parole. On December 17, 1982, while preparing for a Christmas party at a site off the premises of her employment, claimant twisted her knee. On January 13, 1983, she made a claim for workers' compensation benefits. The claim was controverted. After a hearing, the Workers' Compensation Board denied claimant benefits, stating that "claimant's accident while making preparations for a Christmas party off the employment premises * * * was not an incident of the employment". This appeal by claimant ensued.

We affirm. Whether a claimant's injuries arose in the course of employment is a factual question for resolution by the Board, and that resolution must be upheld if supported by substantial evidence. In *Matter of Tedesco v General Elec. Co.*

(305 NY 544, 550). The Court of Appeals identified five factors which should be present in order to hold that an injury, sustained under factual circumstances similar to those herein, arose in the course of a claimant's employment. The factors are: (1) the activities were on the employer's premises; (2) the employer gave substantial financial support to the activity; (3) the control by the employer over the activity was dominant; (4) the activity benefited the employer by giving it a business advantage; and (5) the employer could halt the program at any time (supra). Here, it is uncontroverted that the Christmas party was held away from the employer's premises and that the employer did not give any financial support for the party. Further, there is no evidence that the employer exercised any control over the event or that it could halt the holding of the party. The only condition laid down by the employer was that any employee attending the off-premises party must first check out and thereby separate himself from his employment.

We conclude that the evidence in this record falls squarely within the ambit of *Matter of Jablonski v General Motors Acceptance Corp.* (22 AD2d 724) and *Matter of Dapp v New York State Liq. Auth.* (50 AD2d 250), wherein we reversed awards of compensation for injuries sustained by employees at social events.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.