■ In the Matter of the Claim of MICHAEL DE CARR, Respondent, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed February 18, 1988.

On August 12, 1986, claimant was employed by the Workers' Compensation Board and suffered a broken nose while playing softball after regular working hours in a State agency league for a team composed of Board employees. He sought benefits and his claim was controverted under Workers' Compensation Law § 10 (1), which provides when an injury sustained during an off-duty athletic event is compensable. The Board concluded that claimant's injury arose out of and in the course of employment because the game was played on State-owned fields, the league used interoffice mail to exchange schedules and other materials, and schedules and raffle tickets were printed on employer computers and copied on employer photocopying machines. This appeal followed.

In accordance with a 1983 amendment, workers' compensation benefits for injuries incurred during an off-duty athletic event are available only where the employee is required to participate or compensated for participating or the activity is sponsored by the employer (Workers' Compensation Law § 10 [1], as amended by L 1983, ch 415). The only contested issue in this case is whether the employer sponsored the softball game

in which claimant was injured. In *Matter of Diem v Diem & Buerger Ins. Co.* (146 AD2d 840, 841), we recently noted that the 1983 amendment was designed: "to shield employers from liability where their contact with the sporting event is incidental or passive * * * but to maintain liability 'when participation in an activity is overtly encouraged by the employer * * *' (Executive Dept mem, 1983 McKinney's Session Laws of NY, at 2534; *see also,* mem of Workers' Compensation Board, June 28, 1983, Governor's Bill Jacket, L 1983, ch 415)."

The employer's overt encouragement seems to require more than "notices of the activity on the company bulletin board, announcement in its news letter or even use of its equipment to duplicate notices of or about the activity" (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 10 [1989 Pocket Part], at 136). Indeed, in *Matter of Diem (supra),* workers' compensation liability was predicated on the facts that the claimant played softball at the behest of his employer's president in an effort to improve business relations with other participants and the employer contributed to the cost of uniforms, which provided some advertising benefit.

In this case, there is no evidence that claimant was encouraged to play softball by anyone in a position of authority or that claimant's participation was designed to benefit the employer in any specific manner. There is also no evidence of any direct financial support for uniforms and the like by the employer. The factors relied on by the Board in concluding that claimant's injury arose out of and in the course of employment are of the type designated in the materials supporting the 1983 amendment as constituting incidental rather than overt encouragement. Even the fact that the game was played on a State-owned field seems more a matter of convenience to the players than any overt encouragement constituting sponsorship of the event. The facts of this case fall precisely within the limitations on liability contemplated by the 1983 amendment to Workers' Compensation Law § 10 (1). Accordingly, we conclude that claimant's injury did not arise out of and in the course of employment and the decision must be reversed.

Decision reversed, without costs, and claim dismissed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.