■ In the Matter of the Claim of NANCY A. MIDEY, Respondent, v ROMULUS CENTRAL SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 3, 1991, which ruled that claimant sustained an accidental injury in the course of her employment.

Claimant was an untenured elementary school teacher employed at Romulus Central School in Seneca County. Sometime prior to May 13, 1989, a sign-up sheet was posted at the school for faculty volunteers to participate in a donkey basketball game on the school team. Claimant did not sign up. While claimant was having lunch in the faculty lounge approximately one week before the game, the school principal expressed his concern that the game might be canceled because there were an insufficient number of volunteers to field a team. He encouraged the teachers in general, and the female teachers in particular, to volunteer for the team. Claimant volunteered to participate believing that her participation would be beneficial at such time as she sought tenure. On Saturday evening, May 13, 1989, claimant sustained an injury to her left knee while participating in the game.

On or about May 17, 1989, claimant filed an "employer's report of injury" for her knee injury seeking workers' compensation which was controverted by the school on the ground that claimant's injury was not an accident and was not causally related to her employment. After a hearing, the Workers' Compensation Board determined that claimant's injury occurred in the course of activities encouraged and promoted by her employer and was an accident arising out of and in the course of her employment within the meaning of the Workers' Compensation Law. The school has appealed the Board's determination.

The school contends that the Board improperly applied Workers' Compensation Law § 10 (1) by finding that claimant's injury constituted an accident arising out of and in the course of her employment. Workers' Compensation Law § 10 (1) provides, in pertinent part, that "there shall be no liability for [workers'] compensation * * * where the injury was sustained in or caused by voluntary participation in an off-duty athletic activity not constituting part of the employee's work related duties unless the employer * * * (c) otherwise sponsors the activity". In this case, it is undisputed that claimant was not required to participate and was not compensated for participating in the basketball game. The only issue is whether the school sponsored the game in which claimant was injured. In *Matter of De Carr v New York State Workers' Compensation Bd.* (151 AD2d 935) we held that an employee's injury did not arise out of and in the course of his employment because there was no evidence that he was encouraged to play softball by anyone in a position of authority, while in *Matter of Diem v Diem & Buerger Ins. Co.* (146 AD2d 840) we held that an employee's injury did arise out of and in the course of his employment because he was overtly encouraged by his employer to participate in a softball league. Here, like in *Matter of Diem,* claimant volunteered to participate in the basketball game as a result of the principal's solicitation of school teachers to do so. The principal's conduct was not passive or incidental, but rather an overt encouragement sufficient for the Board to conclude that the school sponsored the game. We therefore find that the Board's determination is supported by substantial evidence.

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.