■ In the Matter of the Claim of JOHN FARNAN, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. —Appeals from a decision and an amended decision of the Workers' Compensation Board, filed November 14, 1990 and October 15, 1991, which ruled that claimant sustained an accidental injury in the course of employment and awarded workers' compensation benefits.

Claimant was injured while participating in a basketball game during a picnic which was organized by a coffee club made up of claimant's co-workers. We find that the decision of the Workers' Compensation Board that the injury arose out of and in the course of employment and was therefore compensable is not supported by substantial evidence and must be reversed.

While the question of whether a claimant's injury arose in the course of employment is a factual one and the Board's resolution must be upheld if supported by substantial evidence *(see, Matter of Still v County of Dutchess, Dept. of Parole,* 117 AD2d 844), we find insufficient support in the record for the Board's finding. There is no evidence of overt encouragement of participation in the picnic by the employer. The employer's acquiescence in the use of its stationery and telephone lines to organize the picnic is insufficient to establish employer sponsorship as contemplated by Workers' Compensation Law § 10 (1) *(see, Matter of De Carr v New York State Workers' Compensation Bd.,* 151 AD2d 935). In addition, this Court has found that allowing employees to attend such activities during work

hours but only after signing out from employment did not evidence any employer control over the activity *(see, Matter of Still v County of Dutchess, Div. of Parole, supra)*. Similarly, the employer's requirement in this case that participants in the workday picnic take annual leave does not evidence control over the activity. We also find that the acquiescence of the employer to the existence of the coffee club on the business premises does not serve as a basis for compensability here given the fact that the employer did not also encourage the club's organization of the picnic. Finally, the fact that the employer gained some general benefit from the picnic in the form of increased morale and efficiency is not a basis for a finding of compensability *(see, Matter of Diem v Diem & Buerger Ins. Co.,* 146 AD2d 840).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and claim dismissed.