■ In the Matter of the Claim of Ross La Celle, Appellant, v New York Conference of Seventh-Day Adventists, Respondent, and Crawford & Company, Respondent. Workers' Compensation Board, Respondent. [652 NYS2d 352] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed July 11, 1995.

In November 1986, claimant was a student at Union Springs Academy, which was operated by the employer and located in the Village of Union Springs, Cayuga County. Claimant was injured while working on the employer's farm and, as the result thereof, the employer filed a report of injury and claimant received certain workers' compensation benefits.

Prior to the case being established by Workers' Compensation Board, claimant's counsel successfully requested that this matter be closed pending the outcome of a civil lawsuit filed upon claimant's behalf against the school and the employer. Thereafter, the civil action was dismissed without prejudice, and the matter was referred to the Board for a determination as to whether an employer-employee relationship was present. Following a hearing, at which claimant and the school's principal appeared and testified, a Workers' Compensation Law Judge found that an employer-employee relationship did not exist and, upon administrative appeal, the Board affirmed.

The employer and Crawford & Company, the compensation carrier's administrator, thereafter appealed the Board's decision to this Court. While that appeal apparently was pending, the Board adopted a resolution rescinding its prior decision and referring the matter to the Board panel for further consideration. By decision filed July 11, 1995, the Board found that an employer-employee relationship indeed was present here and restored the matter to the trial calendar for the purpose of making an appropriate award. This appeal by claimant followed.

We affirm. The existence of an employer-employee relationship is one for the Board to resolve in the first instance and its determination in that regard must be upheld if supported by substantial evidence, even if other evidence in the record could have supported a contrary conclusion (*see, Matter of Kurzyna v Communicar, Inc.*, 182 AD2d 924, *lv denied* 80 NY2d 754). Although no one factor is dispositive, consideration is given to the right to control the claimant's work, the method of payment, the right to discharge, the furnishing of equipment and the relative nature of the work (*see, Matter of Long v Schenectady County Young Men's Christian Assn.*, 227 AD2d 723).

Here, claimant testified that while working on the farm, he

took orders from his supervisor who, in turn, had the right to fire him. The employer furnished the equipment necessary for claimant to perform the assigned tasks and claimant kept track of his hours by punching a time clock. As to the issue of payment, claimant earned an hourly wage that was paid as a credit against his tuition. Additionally, in the event that claimant worked in excess of a specified number of hours, he was eligible to receive a cash bonus.

Based upon this and other evidence in the record, the Board's finding of an employer-employee relationship is supported by substantial evidence and, as such, will not be disturbed. Claimant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.