■ In the Matter of the Claim of PAUL EDDY, Respondent, v ROCHESTER-GENESEE REGIONAL TRANSPORTATION AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 1.) In the Matter of the Claim of THOMAS HOYT, Respondent, v ROCHESTER-GENESEE REGIONAL TRANSPORTATION AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 2.) [669 NYS2d 699] —Cardona, P. J. Appeals from two decisions of the Workers' Compensation Board, filed September 17, 1996 and October 3, 1996, which ruled that claimants sustained causally related disabilities and awarded them workers' compensation benefits.

Claimants, both employees of the Regional Transit Service, a subsidiary of the Rochester-Genesee Regional Transportation

Authority (hereinafter the employer), were injured in separate incidents occurring in July 1994 while playing on a softball team organized at their place of employment. The team's participation in the softball league was funded by the Regional Transit Service Sunshine Fund (hereinafter the Sunshine Fund), which was established to promote goodwill and morale among the employees. The Sunshine Fund obtained its moneys from a percentage of the revenues generated by vending machines located at the workplace as a result of negotiations between the employer's executive director and general manager, John Garrity, and certain beverage distributors. Following claimants' injuries, both filed claims for workers' compensation benefits. The employer, in turn, controverted the claims and, after several hearings, the Workers' Compensation Board ultimately ruled that claimants' injuries did arise out of and in the course of their employment. These appeals by the employer ensued.

When benefits are sought for injuries sustained during an off-duty athletic event, compensation is available only where "the employee is required to participate or compensated for participating or the activity is sponsored by the employer" (*Matter of De Carr v New York State Workers' Compensation Bd.*, 151 AD2d 935; *see*, Workers' Compensation Law § 10 [1]). The only dispute in this case is whether the employer "sponsored" the softball games through overt encouragement of employee participation. We conclude that the Board's decisions must be upheld.

It is well settled that "whether a claimant's injury arose in the course of employment is a factual one and the Board's resolution must be upheld if supported by substantial evidence" (*Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864). Here, the team members were required to wear uniforms paid for by the Sunshine Fund. The hats supplied to the players bore the employer's logo. In addition, the uniforms remained the property of the employer and had to be returned within 30 days after a player resigned from the team. Furthermore, practice schedules and printed materials encouraging employees to "play RTS softball" were displayed on bulletin boards and in the lounge areas at the employer's premises.

Moreover, while the softball games were funded by the Sunshine Fund, the evidence indicates that this entity was formed at the employer's initiative to, in part, promote the employer's goals. The Sunshine Fund's committee consisted of representatives from management and labor, and all committee business took place during working hours on the employer's premises.

Any deadlocks with respect to the Sunshine Fund's actions were to be decided by Garrity.

Furthermore, there was testimony that, after a discrimination claim was made involving the softball team, a rule was formulated that all employees would be eligible to play. Significantly, if the Sunshine Fund rules were violated, Garrity had the authority to direct termination of funding. Inasmuch as we decline to substitute our judgment for that of the Board (*see, Matter of Egloff v Ob-Gyn Assocs.*, 245 AD2d 965; *Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874), we find that substantial evidence supports the Board's finding that the employer "exercised sufficient control and sponsorship over the softball team" so as to satisfy the criteria of Workers' Compensation Law § 10 (1) under the particular circumstances presented here (*see, Matter of Briand v New York State Dept. of Envtl. Conservation*, 186 AD2d 308; *Matter of Midey v Romulus Cent. School Dist.*, 184 AD2d 925; *Matter of Diem v Diem & Buerger Ins. Co.*, 146 AD2d 840). Therefore, we find no reason to disturb the Board's decisions.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decisions are affirmed, with one bill of costs to claimants.