■ In the Matter of the Claim of MARGARET DOROSZ, Appellant, v GREEN & SEIFTER et al., Respondents. WORKERS'

Compensation Board, Respondent. [672 NYS2d 948] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed April 5, 1996, which ruled that decedent's death did not arise out of and in the course of his employment.

Decedent, employed as a senior accountant for a private accounting firm, suffered a fatal heart attack while engaged in his usual Monday night activity of bowling for a team sponsored by one of his clients. Claiming that decedent utilized his participation in the bowling league as an opportunity to exchange financial records and other work-related materials and to discuss business with the client's principal, decedent's surviving spouse filed a claim for workers' compensation benefits. Ultimately, the Workers' Compensation Board disallowed the claim, concluding that because decedent's participation in bowling activities was voluntary and took place after his normal working hours, the claim was barred by Workers' Compensation Law § 10. Claimant appeals.

We affirm. In our view, the record does not merely support the Board's conclusion that decedent's death resulted from his voluntary participation in an off-duty athletic activity not constituting part of his work-related duties (see, Workers' Compensation Law § 10 [1]), it permits no other conclusion. The relevant provision of Workers' Compensation Law § 10 (1), added in 1983 in order to counter the effect of case law that "had expanded the scope of liability for benefits to be paid for athletic injuries * * * now requires some affirmative act by the employer, before it can be held liable for the payment of compensation" (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 10, at 330; see, Matter of De Carr v New York State Workers' Compensation Bd., 151 AD2d 935; Matter of Diem v Diem & Buerger Ins. Co., 146 AD2d 840).

Under the controlling statutory scheme: "there shall be no liability for compensation * * * where the injury was sustained in or caused by voluntary participation in an off-duty athletic activity not constituting part of the employee's work related duties unless the employer (a) requires the employee to participate in such activity, (b) compensates the employee for participating in such activity or (c) otherwise sponsors the activity" (Workers' Compensation Law § 10 [1]). The present record is devoid of evidence satisfying the statutory test. The fact that decedent's employer may have indirectly benefited from decedent's voluntary membership on a bowling team sponsored by one of decedent's clients is irrelevant to the inquiry (see, Matter of Farnan v New York State Dept. of Social

*Servs.*, 187 AD2d 864, 865); nor will incidental encouragement suffice (*see*, *Matter of De Carr v New York State Workers' Compensation Bd.*, *supra*, at 936).

Not necessarily disputing any of the foregoing, it appears to be the dissenters' position that the statutory test is to be employed only in the case of employer-sponsored picnics, sporting events, after-hours activities with co-workers and the like, and not in situations such as this one where the employee is actually engaged in work-related activity at the time of the incident. We read no such limitation into Workers' Compensation Law § 10 (1). Rather, it is our view that the clear statutory language and relevant legislative history indicate that the test is to be employed in any case where a compensation claim is premised on injuries sustained in connection with "athletic activities [having] some connection to employment" (Governor's 1983 Program Bill No. 94, at 6, Bill Jacket, L 1983, ch 415; *see*, Letter of Workers' Compensation Bd, dated June 28, 1983, at 1, Bill Jacket, L 1983, ch 415). As a final matter, we conclude that the prior test applied by the dissenters, i.e., whether " '[t]he employer derive[d] substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life' " (*Matter of Congdon v Klett*, 307 NY 218, 222), was not satisfied in this case in any event.

Yesawich Jr. and Carpinello, JJ., concur.

Peters, J. (dissenting). Fully recognizing that " 'whether a claimant's injury arose in the course of employment is a factual one and [that] the Board's resolution must be upheld if supported by substantial evidence' " (*Matter of Eddy v Rochester-Genesee Regional Transp. Auth.*, 248 AD2d 769, 770, quoting *Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864), we fail to find such quantum of evidence presented here which supports the conclusion of the Workers' Compensation Board that decedent was not fully participating in employment-related activities at the time of his death.

Unlike the cases cited by the majority wherein the claimants were found not to be entitled to benefits pursuant to Workers' Compensation Law § 10 (1) due to their participation in clearly recreational activities with their co-workers (*see*, *Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864, *supra*; *Matter of De Carr v New York State Workers' Compensation Bd.*, 151 AD2d 935), the undisputed evidence here demonstrates that as part of decedent's employment, he regularly met with his clients after typical office hours, and that with respect to this particular client, he had a standing

appointment on the same evening each week which was scheduled for the predominate purpose of discussing the client's business needs. The record remained clear that decedent never bowled other than on this evening with this particular client and that the client saved all business matters for discussion during these times. It is upon this basis that we must conclude that there exists no demonstrative evidence indicating that decedent's activity was anything other than a work-related activity from which the employer " 'derive[d] substantial direct benefit * * * beyond the intangible value of improvement in employee health and morale' " (*Matter of Bashwinger v Cath-Fran Constr. Co.*, 200 AD2d 791, 792, *lv denied* 83 NY2d 757, quoting *Matter of Congdon v Klett*, 307 NY 218, 222).

Accordingly, we would reverse the Board's decision.

Spain, JJ., concurs. Ordered that the decision is affirmed, without costs.