■ In the Matter of the Claim of PATRICIA LIMPERT, Appellant, v KAY-R ELECTRIC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [673 NYS2d 762] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed July 26, 1996, which ruled that the death of claimant's decedent was unrelated to his employment and denied claimant's claim for workers' compensation death benefits.

On June 26, 1987, the airplane which decedent was piloting crashed in Ulster County killing all aboard. At the time of the accident, decedent was flying three passengers, one of which was a vice-president of Kay-R Electric, to a business meeting. Claimant, decedent's widow, applied for workers' compensation death benefits claiming that decedent was an employee of Kay-R at the time of his death. The Workers' Compensation Board, finding no employer-employee relationship, denied claimant's application for benefits. This appeal by claimant ensued.

Initially, we reject Kay-R's contention that claimant failed to preserve for our review the issue of whether a special employment relationship existed. In any event, based upon our review of the record, we conclude that substantial evidence supports the decision of the Board finding that there was no evidence of an employer-employee relationship.

The record establishes that in addition to being an attorney in private practice, decedent was a part-time pilot. Decedent also was the president and sole shareholder of Fair Aviation, Inc., and decedent's wife and son testified that the corporation was used exclusively by decedent to buy and sell airplanes, including the airplane involved in the crash. Claimant testified that companies would hire decedent to fly their employees to various locations. According to claimant and her son, decedent had told them that he had been hired by Kay-R. Significantly, claimant submitted no contract or other corroborating documents evidencing payment to decedent, but rather alleged that any such documents were destroyed in the crash (see, Workers' Compensation Law § 118).

Robert Serafini, president of Kay-R, testified that Kay-R did not hire decedent. He testified that when decedent was contacted, decedent had offered to provide the flight as a favor for helping decedent's daughter through a difficult personal time when she was employed by Kay-R. In addition, Kay-R submitted into evidence claimant's statement in her application for insurance benefits wherein she stated that decedent was not in the course of his employment at the time of the accident. Under the circumstances presented here, inasmuch as

substantial evidence exists to support the decision of the Board that no employer-employee relationship existed, we must affirm, notwithstanding the fact that testimony was elicited that could support a contrary conclusion (*see, Matter of La Celle v New York Conference of Seventh-Day Adventists,* 235 AD2d 694, *lv dismissed* 89 NY2d 1085; *Matter of Kurzyna v Communicar, Inc.,* 182 AD2d 924, *lv denied* 80 NY2d 754).

White, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.