■ In the Matter of the Claim of Elisha Kobre, Appellant, v Camp Mogen Avraham et al., Respondents. Workers' Compensation Board, Respondent. [679 NYS2d 753] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed April 1, 1997, which, *inter alia*, ruled that an employer-employee relationship existed between claimant and Camp Mogen Avraham.

In August 1991, claimant, who was 15 years old, was seriously injured in a diving accident while spending the summer at Camp Mogen Avraham (hereinafter the Camp) in Sullivan County. In prior years, claimant attended the Camp as a camper and, in 1990, as a counselor-in-training. In April 1991, he entered into a written contract with the Camp to work as a junior lifeguard during the summer of 1991. Claimant was to be paid $125 at the end of the summer and the Camp agreed to provide him with food, lodging, transportation and laundry services.

Following the accident, the Camp filed a C-2 employer's notice of injury with the Workers' Compensation Board. Claimant, however, did not file a claim for workers' compensation benefits. Nevertheless, the Camp's insurance carrier initially paid workers' compensation benefits to claimant. Such benefits, however, were subsequently discontinued due to claimant's failure to cash the checks that were issued.

Thereafter, a hearing was conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) to determine, *inter alia*, whether an employer-employee relationship existed between claimant and the Camp. The WCLJ concluded that an employer-employee relationship did exist and the injury arose out of and in the course of employment. There was also a finding that claimant was engaged in illegal employment at the time of the accident due to his age. On appeal, the Workers' Compensation Board upheld the WCLJ's findings in all respects but remitted the matter for further development of the record on the issue of illegal employment. Claimant appeals.

Initially, it is well settled that the Board's determination regarding the existence of an employment relationship will not be disturbed if supported by substantial evidence even if there is proof in the record supporting a contrary conclusion (*see,*

*Matter of Limpert v Kay-R Elec.*, 250 AD2d 1005, 1005-1006; *Matter of La Celle v New York Conference of Seventh-Day Adventists*, 235 AD2d 694, *lv dismissed* 89 NY2d 1085). Here, the evidence supports the Board's finding of an employment relationship. In addition to the contractual relationship between claimant and the Camp, claimant was listed in the camp directory as a member of the waterfront staff and shared a room with another staff member. He was supervised by his uncle, the head lifeguard, and had responsibility for cleaning up the waterfront and stacking and putting away lifejackets and equipment. On occasion, claimant was also directed, under the supervision of a lifeguard, to stand in shallow water with a pole to assist persons who needed help. While evidence was adduced that the employment relationship between claimant and the Camp was merely a "charade" designed to accommodate claimant's family by providing a place for claimant to spend the summer, that evidence merely presented an issue of credibility for the Board to resolve (*see, Matter of Oken v Stanmorer Liq. Co.*, 251 AD2d 719; *Matter of Burchette v La Corte*, 174 AD2d 904, *lv denied* 78 NY2d 863).

In addition, we find no reason to disturb the Board's finding that claimant's injury arose out of and in the course of his employment. Initially, we note that this is a factual question for the Board to resolve and must be upheld if supported by substantial evidence (*see, Matter of Eddy v Rochester-Genesee Regional Transp. Auth.*, 248 AD2d 769, 770). Claimant's assertion that he was injured in an off-duty athletic activity which is not compensable under Workers' Compensation Law § 10 (1) is unpersuasive. The statute provides, in pertinent part, that: "there shall be no liability for compensation * * * where the injury was sustained in or caused by voluntary participation in an off-duty athletic activity not constituting part of the employee's work related duties unless the employer (a) requires the employee to participate in such activity, (b) compensates the employee for participating in such activity or (c) otherwise sponsors the activity" (Workers' Compensation Law § 10 [1]). Notably, there must be some type of affirmative act or overt encouragement by the employer in order to invoke liability under the statute (*see, Matter of Dorosz v Green & Seifter*, 250 AD2d 931, 932-933; *Matter of Midey v Romulus Cent. School Dist.*, 184 AD2d 925, 926; *Matter of Diem v Diem & Buerger Ins. Co.*, 146 AD2d 840).

In this case, claimant attended a lifesaving class just prior to the accident which was taught by his uncle and included instruction on shallow water diving. Although claimant was

not required to attend the class, the head lifeguard invited him to participate. The class was attended by other lifeguards as well as some campers. After the class ended, claimant's uncle left the area but other lifeguards remained. Claimant dove into the lake and, unfortunately, sustained injuries which rendered him a quadriplegic. Under the particular circumstances, we cannot say that the record does not contain substantial evidence supporting the Board's finding that claimant's accident arose out of and in the course of his employment. We have considered claimant's remaining contentions and find them to be unavailing.

White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.