■ In the Matter of the Claim of Laura Lynch, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 1974, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she was not available for employment. Although claimant lost her job for nondisqualifying reasons, the record indicates that she limited her search for work almost exclusively to areas within walking distance of her home. She further admitted that she had not looked anywhere for work in the two weeks prior to her interview on March 19, 1974. Whether a claimant's efforts to seek employment are sufficiently diligent to satisfy the statutory requirements of availability is a question of fact to be determined by the board (Matter of Bennett [Catherwood], 33 AD2d 946). There is substantial evidence to support the board's determination (Matter of Pantel [Catherwood], 35 AD2d 681). Decision affirmed, without costs. Greenblott, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of Simon Moore, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 27, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective April 5, 1974 on the ground that he lost his employment through misconduct in connection therewith. The record demonstrates substantial evidence to support the board's finding that appellant, a bellman, knowingly violated a rule and regulation of his employer by selling liquor to his employer's guests in hotel rooms assigned to them. Appellant was given written notice not to sell alcoholic beverages to guests and that any employee discovered violating the rule would be dismissed immediately. The board's decision must be sustained (Labor Law, § 623; Matter of James [Levine], 34 NY2d 491; Matter of Lester [Catherwood], 30 AD2d 1025). We find no merit in appellant's claim that he was denied the equal protection of the law. There is nothing in the record to indicate that the board, in making its decision, engaged in "intentional or purposeful discrimination" (Snowden v Hughes, 321 US 1, 8). Inconsistent factual determinations in separate trials of comparable cases between different parties have long been tolerated. (People ex rel. Guido v Calkins, 9 NY2d 77; People v Kief, 126 NY 661.) Decision affirmed, without costs. Greenblott, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.