■ In the Matter of the Claim of JAMES BREWER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because of misconduct. Claimant, an eight-year employee of a food chain, in response to a request of his superior, opened the trunk of his car and revealed salable merchandise with a value of $48. Claimant, at his hearing, contended he had given his car keys to another employee and was unaware that company property had been placed in his car. He signed a statement, however, wherein he admitted to having merchandise in his car illegally and without the knowledge of the store manager. Although he denies in his brief that he voluntarily signed the statement, he made no such contention at his hearing. Issues of fact and credibility are solely within the province of the board, and, where, as here, the board's decision is supported by substantial evidence, it will not be disturbed *(Matter of Overt [Levine],* 50 AD2d 659). Violation of company rules has been held to be misconduct within the meaning of subdivision 3 of section 593 of the Labor Law *(Matter of Moore [Levine],* 51 AD2d 614). Decision affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Main and Reynolds, JJ., concur.