■ In the Matter of the Claim of EDWARD SCHIMMEL, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1983, which ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. ¶ At issue on this appeal is whether the Board's decision that claimant lost his employment through misconduct in connection therewith, based upon a finding that claimant fought with a co-worker, must be reversed since the record contains a prior determination restoring the co-worker's benefits upon a finding that while a "shouting match" had occurred, there had been no fight. We conclude that although the two administrative determinations have the effect of yielding seemingly inconsistent results, which could and should have been avoided, the decision under review herein must be affirmed. ¶ The record reveals that the only direct proof at claimant's hearing concerning the alleged incident of misconduct was the testimony of claimant and an eyewitness. Claimant testified that although he and his co-worker had an argument, neither of them resorted to physical violence. The eyewitness testified that claimant and the co-worker actually fought and that they exchanged blows. The administrative law judge and the Board chose to believe the eyewitness. The record further reveals that at the prior hearing concerning the co-worker's claim for benefits, the only direct proof as to the alleged misconduct was the testimony of the co-worker, which was similar to that of claimant herein, and that of the eyewitness, which was substantially the same as his testimony herein. The administrative law judge in the co-worker's case elected to believe the testimony of the co-worker, concluding that neither the co-worker nor claimant were guilty of misconduct since there had been no fight. No appeal was taken from that determination. As a result, the co-worker received benefits while claimant was denied benefits. ¶ The Attorney-General contends that the Board's decision must be affirmed since there is substantial evidence in the record to support it. Implicit in this argument is the suggestion that where there is conflicting evidence on a factual issue, the Board has not only the power to resolve the factual issue by choosing which version of the conflicting evidence to believe, but it can also resolve the same issue differently in different proceedings by accepting both versions of the conflicting evidence. Thus, under this theory, our review would be limited to searching the record for evidence to support the finding, without regard to whether the factual issues previously had been determined in separate but related proceedings. We reject this argument, for the Board is bound by the doctrine of issue preclusion, which bars the relitigation of discrete factual issues (*Matter of Ranni [Ross]*, 58 NY2d 715, 717). Thus, this court must inquire into the effect of the prior decision. ¶ It is also argued that the Board cannot be bound by the decision in the co-worker's case, which was made by an administrative law judge, since the Board has the inherent authority to reopen a decision of an administrative law judge (see *Matter of Smalt [Ross]*, 82 AD2d 958). By statute, however, "[a] decision of a referee, is not appealed from, shall be final on all questions of fact and law" (Labor Law, § 623), and "[t]he decision of a referee shall be deemed the decision of the appeal board * * * unless an appeal is taken from such decision of the appeal board * * * or unless the board on its own motion or on application duly made to it modify [sic] or rescind [sic] such decision" (Labor Law, § 620, subd 3). It is conceded that no appeal was taken from the decision of the administrative law judge in the co-worker's case. Nor did the Board modify or rescind that decision. Accordingly, the decision is final and is deemed the decision of the Board (Labor Law, §§ 623, 620, subd 3). ¶ Turning to the question of the effect of the prior decision in the co-worker's case, we hold that the doctrine of issue preclusion did not bar the Board from finding claimant ineligible for benefits

upon the ground that he lost his employment through misconduct in connection therewith. In order to apply the doctrine, it is necessary "that the issue as to which preclusion is sought be identical with the issue decided in the prior proceeding, that the issue have been necessarily decided in the prior proceeding, and that the litigant who will be held precluded in the present proceeding have had a full and fair opportunity to litigate the issue in the prior proceeding" (*Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 17). The issues of misconduct determined in the two proceedings clearly differed. In the prior case, the issue was whether claimant's co-worker lost his employment through misconduct, whereas the issue in the case at bar was whether claimant lost his employment through misconduct. Any finding in the co-worker's case concerning claimant's misconduct was not necessary to a resolution of that case. Claimant points to the more narrow issue of whether a fight occurred, but the only issue necessarily decided in the prior case was that the co-worker did not engage in a fight. Similarly, the issue of the credibility of the eyewitness was not identical, for the trier of fact in each case was required to weigh the eyewitness' testimony against that of a different witness — the co-worker in the prior case and claimant in the case at bar. Accordingly, there was a sufficient lack of identity of the issues necessarily decided in the prior proceeding to prevent application of the doctrine of issue preclusion. "Inconsistent factual determinations in separate trials of comparable cases between different parties have long been tolerated" (*Matter of Moore [Levine]*, 51 AD2d 614, citing *People ex rel. Guido v Calkins*, 9 NY2d 77 and *People v Kief*, 126 NY 661). ¶ In conclusion, we note that the inconsistent result reached in this case could have been avoided by consolidation of the two cases pursuant to the Board's rules (12 NYCRR 461.4 [f]). ¶ Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.