■ In the Matter of the Claim of GERALD R. MOSCICKI, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 37] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a truck driver for the employer, was late in making a delivery. When his dispatcher asked him if he was late because of a delay at a bridge, claimant replied "yes"; claimant later admitted, however, that he was late because he had overslept. Claimant also acknowledged that it was against company policy to sleep until after a delivery was made, and the record indicates that claimant had been previously warned concerning his lateness in deliveries.

Upon review of the record before us, we conclude that there

is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant lost his employment through misconduct *(see, Matter of De Scetto [Levine],* 51 AD2d 1100). In reaching this conclusion, we note that violation of a company rule of which an employee is aware has been held to constitute misconduct *(see, Matter of Brewer [Levine],* 53 AD2d 751), as has continued lateness after previous warnings *(see, Matter of Grosso [Levine],* 52 AD2d 964). Claimant's remaining arguments have been examined and found to be lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.