■ In the Matter of the Claims of MARK BULL et al., Respondents. J.A. YANSICK LUMBER COMPANY, INC., Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [652 NYS2d 809] —Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 20, 1995, which ruled that J.A. Yansick Lumber Company, Inc. was liable for additional unemployment insurance contributions.

As part of its commercial activities, J.A. Yansick Lumber Company, Inc. (hereinafter the employer) purchases standing timber, which is felled, cut into log lengths and skidded to

timber trucks. These tasks are performed by claimants and similarly situated individuals engaged by the employer as cutters and skidders. Based upon our review of the record, we conclude that there is substantial evidence in the record to support the factual findings of the Administrative Law Judge (hereinafter ALJ) that the employer designates the trees to be cut, arranges for corrective training when necessary, designates the compensation to be paid per 1,000 board feet of cut lumber, fixes the time period for completing the work on a particular plot of land and provides the cutters and skidders with its own voucher forms. It is our further view that these findings, adopted by the Unemployment Insurance Appeal Board in connection with its administrative review, provide a rational basis for the Board's conclusion that the employer exercised sufficient control over the results achieved and the means used to achieve such results to warrant a finding of an employment relationship (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, *cert denied* 481 US 1049; *Matter of Molinari [Kelly Roofing & Siding Co.—Hudacs]*, 196 AD2d 922, *lv denied* 82 NY2d 663).

We are not persuaded that the Board was bound by an allegedly inconsistent determination of an ALJ in another similar case involving the employer. Because claimants were not involved in the prior proceeding and, thus, had no "full and fair opportunity" to contest the decision now said to be controlling, the earlier determination has no preclusive effect on them (*cf., Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005; *Ryan v New York Tel. Co.*, 62 NY2d 494, 501). We are also unconvinced that, under the holding of the Court of Appeals in *Matter of Field Delivery Serv. (Roberts)* (66 NY2d 516), the Board was required to conform to the precedent established in the prior unappealed decision or offer a rational explanation for not doing so.

The ratio decidendi of *Matter of Field (supra)* is that the doctrine of stare decisis, which "provides that once a court has decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision" (*People v Bing*, 76 NY2d 331, 337-338), also applies to administrative agencies acting in a quasi-judicial capacity (*see, Matter of Field Delivery Serv. [Roberts], supra; see also, Matter of Insurance Premium Fin. Assn. v New York State Dept. of Ins.*, 88 NY2d 337, 345). It is important to stress the distinction between the doctrine of stare decisis and the analogous doctrine of res judicata (*see,* 9 Carmody-Wait 2d, NY Prac § 63:431, at 144). Patently, a judgment of a trial court, although binding

upon the parties to the litigation and entitled to preclusive effect if not appealed (*see, Federated Dept. Stores v Moitie,* 452 US 394; *Preview Constr. Co. v Roth,* 117 AD2d 590; *cf., Matter of James AA. [Shaw—Abrams],* 188 AD2d 60), will not receive stare decisis treatment by an appellate tribunal (*see, Federated Dept. Stores v Moitie, supra;* 1 Carmody-Wait 2d, NY Prac § 2:243, at 420).

Precisely the same analysis applies to the decisions of administrative agencies acting in a quasi-judicial capacity. As with a trial court, an ALJ has the responsibility for conducting a hearing and making initial findings and conclusions. If the ALJ's decision is not appealed, it is binding upon the parties to the proceeding and entitled to preclusive effect as fully as if it were the decision of the ultimate administrative arbiter, here the Board. That is the clear import of Labor Law § 620 (3) and § 623 (1). It is quite another thing, however, to conclude that the Board will be bound by the ALJ's determination in other similar cases involving different parties. Consistent with its role as the highest administrative authority in unemployment insurance cases, the Board is not bound by the legal conclusions of any ALJ but, rather, has the authority to "reverse, wholly or in part, or * * * modify" their decisions (Labor Law § 621 [3]).

Cardona, P. J., Casey and Carpinello, JJ., concur.

White, J. (dissenting). I diverge from the majority's analysis insofar as it finds that the holding of *Matter of Field Delivery Serv. (Roberts)* (66 NY2d 516) is not applicable to this case. As alluded to by the majority, in 1987, under essentially the same facts as herein, an Administrative Law Judge concluded that an employer-employee relationship had not been established between J.A. Yansick Lumber Company, Inc. and a timber crew member. As this decision was not appealed, and as the Unemployment Insurance Appeal Board did not modify or rescind it, it is considered final and deemed the decision of the Board (*see, Matter of Schimmel [Roberts],* 101 AD2d 681; *see also,* Labor Law § 620 [3]; § 623 [1]). Therefore, since the subject determination represents a departure from the Board's prior precedent, its failure to provide an explanation for its action requires reversal and remittal to it for further proceedings (*see, Matter of Lafayette Stor. & Moving Corp. [Hartnett],* 77 NY2d 823, 826; *Matter of Collins v Governor's Off. of Empl. Relations,* 211 AD2d 1001, 1003).

Ordered that the decision is affirmed, without costs.