OPINION OF THE COURT
 

 Rosenblatt, J.
 

 Decedent, an accountant who worked for a private accounting firm, suffered a fatal heart attack while bowling for a team sponsored by one of the firm’s clients. We must decide whether the Workers’ Compensation Board properly denied his widow’s claim for workers’ compensation benefits.
 

 
 *674
 
 Reversing the Workers’ Compensation Law Judge, the Board ruled that decedent’s death did not arise out of an injury sustained in the course of his employment. In disallowing the claim, the Board concluded that decedent’s participation in bowling was an after-hours, voluntary athletic activity for which benefits are barred by section 10 of the Workers’ Compensation Law. The Appellate Division, by a divided Court, upheld the Board’s decision. We affirm.
 

 The Workers’ Compensation Law requires every employer to carry workers’ compensation insurance, so that employees, or those claiming through them, may recover for “accidental injuries arising out of and in the course of employment” (Workers’ Compensation Law § 2 [7]). Pursuant to Workers’ Compensation Law § 10, this entitlement exists without regard to fault as a cause of the injury, but the section contains a number of restrictions, including the one at issue in this case. The pertinent restriction, added in 1983 (L 1983, ch 415), reads:
 

 “[T]here shall be no liability for compensation under this chapter * * * where the injury was sustained in or caused by voluntary participation in an off-duty athletic activity not constituting part of the employee’s work related duties unless the employer (a) requires the employee to participate in such activity, (b) compensates the employee for participating in such activity or (c) otherwise sponsors the activity.” (Workers’ Compensation Law § 10 [1].)
 

 The Board found that decedent bowled in a Monday night league, on a team sponsored by Tom Cardinal, a client of decedent’s firm. The two were friends, and, as was their custom, would discuss business before and after bowling on these Monday nights. No other employees of Cardinal’s or decedent’s firm were involved in the activity. On the night in question, Cardinal picked decedent up and the two went to the bowling alley, where they discussed business and then bowled three games. Minutes later, decedent had a cardiovascular collapse and died. The Board noted that there was conflicting evidence as to whether the act of bowling caused the decedent’s heart attack, or whether, owing to his preexisting severe obstructive coronary artery disease, it would have happened at that time, no matter what he was doing. The Board, however, made no determination as to that issue, and it is not before us. The Board rested its conclusion on the statutory bar set forth in Workers’ Compensation Law § 10.
 

 
 *675
 
 Opinion per Rosenblatt, J.
 

 Claimant, citing
 
 Matter of McGee v Allstate Ins. Co.
 
 (41 AD2d 866),
 
 Matter of Cellura v Hall & Co.
 
 (36 AD2d 868) and
 
 Matter of Dunn v Supervised Investors Servs.
 
 (34 AD2d 1067), contends that the claim is cognizable because decedent’s activities conferred a benefit on his employer. These cases, however (none of which involved an employee’s actual participation in an athletic activity), were decided before the Legislature enacted the above-quoted restriction.
 

 Prior to the amendment, the decisional law focused on a number of factors, including the location of the event, the employer control over it and the benefits — including improved employee morale — that inured to the employer from the employee’s participation
 
 (Matter of Tedesco v General Elec. Co.,
 
 305 NY 544;
 
 see also,
 
 Annotation,
 
 Workmen’s Compensation: Injury Sustained While Attending Employer-Sponsored Social Affair as Arising Out of and In the Course of Employment,
 
 47 ALR3d 566). By enacting section 10, the Legislature narrowed the standards for what constitutes a compensable work-related sports injury, so that an award would not be based upon insufficient employer involvement (Governor’s Program Bill Mem No. 94-1983, Bill Jacket, L 1983, ch 415).
 
 *
 

 Claimant argues — and the Appellate Division dissenters agreed — that the athletic activity in this case inured to the substantial benefit of the employer, and that this feature justifies an award. This contention, however, sidesteps the statutory criteria. Benefit to the employer is a factor but is not alone the test.
 

 Rather, in applying section 10 the threshold test is whether, in the words of the statute, the activity constitutes “part of the employee’s work related
 
 duties”
 
 (emphasis added). The difference is important, and it underlies the statutory design. Were the test simply whether an activity was work-related, the statutory bar and the Legislature’s intent would be defeated by an open-ended interpretation. Under that criterion, any injury sustained during an off-duty, voluntary athletic activity could be compensable even though the activity was outside the employee’s duties. We will not read the words, or the concept of employee duty, out of the statute. In the record before us it is obvious that the decedent, who was an accountant, was not
 
 *676
 
 engaging in work-related
 
 duties
 
 when he was howling. To conclude otherwise would be inconsistent with the Board’s findings, which are supported by substantial evidence.
 

 Under section 10, an award is thus foreclosed here unless one of three conditions permitting compensation for off-duty athletic-related injuries exists: that the employer (1) required the employee to participate in the activity, (2) paid the worker to do so, or (3) sponsored the activity. In the case before us, none of these conditions is met. The employer did not require the decedent to bowl in the Monday league, nor did it pay him to do so.
 

 As to the third condition, that the employer “otherwise sponsors the activity,” we note that the legislative memorandum to the 1983 amendment of section 10 states that the amendment “will not change the liability of the employer when participation in an activity is overtly encouraged by the employer” (Governor’s Program Bill Mem No. 94-1983, at 6, Bill Jacket, L 1983, ch 415;
 
 see,
 
 Letter of Workers’ Compensation Bd General Counsel, dated June 28, 1983, at 1, Bill Jacket, L 1983, ch 415).
 

 In the case before us, there is no evidence of overt encouragement by the employer. That the employer may have known of the activity, and even acquiesced in it, does not constitute overt encouragement, let alone formal sponsorship of the activity. An employee’s activity may be beneficial to his or her health or morale (see,
 
 e.g., Matter of Williams v New York State Dept. of Health,
 
 145 AD2d 882;
 
 Matter of Farnan v New York State Dept. of Social Servs.,
 
 187 AD2d 864), or may confer a benefit on the employer, but that alone is not enough to justify an award, given the restrictions set forth in section 10.
 

 Based on the testimony adduced, we conclude that the Board’s determination was supported by substantial evidence.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Cipakick concur; Judge Wesley taking no part.
 

 Order affirmed, with costs.
 

 *
 

 For similar enactments in other States,
 
 see,
 
 Watson and Valen,
 
 A Historic Review of Workers’ Compensation Reform in Florida,
 
 21 Fla St U L Rev 501, 515 (1993); Boyle,
 
 Civil Practice and Procedure,
 
 29 U Rich L Rev 897, 949 (1995);
 
 see also,
 
 2 Larson, Workers’ Compensation Law § 22.01.