■ In the Matter of the Claim of EUGENE BAKER, Respondent, v SENTRY GROUP et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [703 NYS2d 299] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed October 20, 1998, which ruled that claimant's injury arose out of and in the course of his employment.

Claimant sustained a knee injury while playing basketball with co-workers at a gym on his employer's premises after his shift had ended. The Workers' Compensation Board ruled that claimant's injury arose out of and in the course of his employment and the employer appeals.

Where, as here, the voluntary athletic activity is not part of the employee's work-related duties, Workers' Compensation Law § 10 (1) precludes an award of workers' compensation insurance benefits unless one of three conditions is met (*see, Matter of Dorosz v Green & Seifter*, 92 NY2d 672, 675-676). The Board in this case relied on the condition applicable when the employer " 'otherwise sponsors the activity' ", which is satisfied by evidence of the employer's overt encouragement of participation in the activity (*id.*, at 676).

The gym where claimant was injured had a weight room,

swimming pool, sauna, whirlpool and racquetball courts, one of which contained a basketball backboard. The employer provided all equipment and employed a coordinator who managed the facility and the employer's programs. The employer offered incentives for using the gym whereby employees could earn points toward gift certificates, movie tickets and other benefits. The employer also distributed flyers which promoted use of the gym and claimant testified that one of those flyers referred to basketball. Although there is some evidence that no incentive program was going on at the time of claimant's injury and he would not have earned any points for playing basketball, there is substantial evidence to support the Board's conclusion that the employer's pervasive control of the facility and overt encouragement of its use constituted sponsorship within the meaning of Workers' Compensation Law § 10 (1) (*see, Matter of Kobre v Camp Mogen Avraham*, 255 AD2d 636; *Matter of Diem v Diem & Buerger Ins. Co.*, 146 AD2d 840). The employer's conduct clearly transcended the type of passive acquiescence that is generally insufficient to satisfy the statute (*see, Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864; *Matter of De Carr v New York State Workers' Compensation Bd.*, 151 AD2d 935) and, therefore, we will not substitute our judgment for that of the Board (*see, Matter of Eddy v Rochester-Genesee Regional Transp. Auth.*, 248 AD2d 769, 771).

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.