■ In the Matter of the Claim of RICHARD KOCH, Appellant, v ROCKLAND COUNTY SHERIFF'S DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 697] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 11, 2000, which ruled that claimant's injury did not arise out of his employment and denied his claim for workers' compensation benefits.

Claimant, who was employed in the employer's correction division, was injured in a union-sponsored softball game between employees of the correction division and employees of the patrol division. The Workers' Compensation Board concluded that the injury did not arise out of claimant's employment, prompting this appeal by claimant.

Where, as here, an employee is injured in a voluntary athletic activity which is not part of the employee's work-related duties, Workers' Compensation Law § 10 (1) precludes an award of workers' compensation benefits unless one of three conditions is met (*see, Matter of Dorosz v Green & Seifter*, 92 NY2d 672, 675-676). Claimant in this case relies on the condition applicable when the employer "otherwise sponsors the activity," which is satisfied by evidence of the employer's "overt encouragement" of participation in the activity (*id.*, at 676). Overt encouragement is not established merely because the employer is aware of, or even acquiesces in, the activity or the activity boosts employee morale or the activity confers some other benefit on the employer (*see, id.*, at 676).

In this case, the game was sponsored by the unions and union funds paid for T-shirts, food and insurance, while the equipment was supplied by the individual players. Notice of the event was posted on a bulletin board maintained by the employer and used for posting notices of both employer-sponsored events and events which were not sponsored by the employer. The Sheriff attended the game and presented a trophy, which he paid for out of his own personal funds and not the employer's funds. In these circumstances, the Board could rationally conclude that the employer's involvement in the voluntary athletic activity was incidental and did not constitute overt encouragement (*compare, Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864, and *Matter of De Carr v New York State Workers' Compensation Bd.*, 151 AD2d 935, *with Matter of Eddy v Rochester-Genesee Regional Transp. Auth.*, 248 AD2d 769; *Matter of Midey v Romulus Cent. School Dist.*, 184 AD2d 925).

Crew III, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.