■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, ICHABOD CRANE CENTRAL SCHOOL DISTRICT CSEA UNIT, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [753 NYS2d 171] —Rose, J. Proceeding pursuant to CPLR article

78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board which fragmented all registered nurses from petitioner's bargaining unit.

In 1999, the registered nurses employed by the Ichabod Crane Central School District (hereinafter District) formed respondent Ichabod Crane Registered Nurses Association an association (hereinafter the Association) and filed a petition with respondent Public Employee Relations Board (hereinafter PERB) seeking to fragment the title of registered nurse from the bargaining unit that comprises the District's noninstructional personnel and is represented by petitioner. Following a fact-finding hearing, an Administrative Law Judge dismissed the petition for the Association's failure to establish the conflict of interest or inadequate representation that usually is a prerequisite to PERB's fragmentation of an existing bargaining unit (*see Matter of Ichabod Crane Registered Nurses Assn.*, 33 PERB ¶ 4022 [2000]). Upon review, PERB affirmed the Administrative Law Judge's finding that the Association failed to prove inadequate representation, but nonetheless found grounds for fragmentation in the nurses' unique professional community of interest and inherent conflict of interest with the District's other noninstructional personnel (*id.*). Petitioner then commenced this proceeding, transferred here by Supreme Court, seeking to annul PERB's determination.

As a threshold matter, PERB takes issue with the transfer order. Inasmuch as PERB's determination was not made following "a hearing held * * * pursuant to direction by law" (CPLR 7803 [4]; *see* 4 NYCRR 201.9 [a] [2]), and the standard by which it must be gauged is therefore one of rationality, not substantial evidence (*see* CPLR 7803 [3]; *Matter of Colton v Berman*, 21 NY2d 322, 329; *Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993), Supreme Court's transfer of this proceeding to this Court was not warranted (*see* CPLR 7804 [g]; *Matter of Lippman v Public Empl. Relations Bd.*, 263 AD2d 891, 894-895). However, in the interest of judicial economy, we will retain and decide the issues in this proceeding (*see Matter of Town of Carmel Police Benevolent Assn. v Public Empl. Relations Bd. of State of N.Y.*, 267 AD2d 858, 859 n 1; *Matter of Lippman v Public Empl. Relations Bd.*, *supra* at 895). In doing so, our review is limited to ascertaining whether PERB's determination is arbitrary and capricious (*see Matter of Crosson v Newman*, 178 AD2d 719, 719-720). We further recognize that where an agency's decision wholly departs from its own precedent in like cases, it will be

deemed arbitrary and capricious unless the agency sufficiently explains the departure (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v Cuevas*, 276 AD2d 184, 191, *lv denied* 96 NY2d 711; *Matter of County of Erie v New York State Pub. Empl. Relations Bd.*, 247 AD2d 671, 672).

Turning to the merits, petitioner primarily contends that PERB's ruling should be annulled because PERB failed to follow its own precedents denying fragmentation where no actual conflict of interest or inadequate representation of the existing bargaining unit is shown (*see e.g. Matter of Deer Park Union Free School Dist.*, 22 PERB ¶ 3014 [1989]; *Matter of Chautauqua County Bd. of Coop. Educ. Servs.*, 15 PERB ¶ 3126 [1982]). PERB, on the other hand, cites an inconsistency between those precedents and its rulings in initial uniting cases where, based on a community of interest standard, it placed nurses with other professionals or in a separate bargaining unit exclusive of nonprofessional employees (*see Matter of Union-Endicott Cent. School Dist.*, 28 PERB ¶ 3029 [1995]; *Matter of Caledonia-Mumford Cent. School Dist.*, 25 PERB ¶ 4043 [1992]; *Matter of Putnam Val. Cent. School Dist.*, 7 PERB ¶ 4025 [1974]; *Matter of County of Putnam*, 2 PERB ¶ 4012 [1969]). PERB argues that its determination here is a rational extension of its elimination of an inconsistency in its handling of fragmentation cases involving law enforcement personnel (*see Matter of County of Erie*, 29 PERB ¶ 3031 [1996]; *Matter of Dutchess County Deputy Sheriffs Police Benevolent Assn.*, 26 PERB ¶ 3069 [1993]).

Until PERB's determination here, only law enforcement personnel were excepted from its general fragmentation standard requiring a conflict of interest or inadequate representation in addition to a unique community of interest. In *Matter of County of Erie (supra)*, PERB departed from its prior determinations and fragmented road patrol deputy sheriffs from their departmental units based on their "separate and distinct law enforcement community of interest" (*Matter of County of Erie v New York State Pub. Empl. Relations Bd.*, 247 AD2d 671, 672, *supra*). On appellate review, this Court confirmed, finding "that PERB has articulated a sufficient basis for any perceived departure from prior precedent" (*id.* at 673).

We reach a similar conclusion here because there is a compelling, unique community of interest distinguishable from the District's other noninstructional personnel, as well as a rational effort by PERB to reconcile its handling of initial uniting and fragmentation cases involving registered nurses. The evidence established that the Association consists of nurses who are

licensed health care professionals, and who have direct and regular personal contacts with students and their health issues, contacts that include the administration of medications and are covered by the nurses' own malpractice insurance. By contrast, the District's other noninstructional personnel include bus drivers, mechanics, teachers' aides, custodians, cooks and typists, positions with no comparable student contacts. In these circumstances, PERB has adequately explained its departure from its past precedents and there is a rational basis for its conclusion that registered nurses constitute a unique community of interest warranting fragmentation.

PERB also maintains that its determination to permit rather than deny fragmentation here more closely conforms with the Taylor Law's mandate that "the definition of the unit shall correspond to a community of interest among the employees to be included in the unit" (Civil Service Law § 207 [1] [a]), a standard which PERB has traditionally interpreted as the "most significant element" in making uniting determinations (*Matter of Board of Educ. of City School Dist. of City of Buffalo*, 14 PERB ¶ 3051 [1981]). Since PERB is to be "accorded deference in matters falling within its area of expertise" (*Matter of Board of Educ. of City School Dist. of City of N.Y. v New York State Pub. Empl. Relations Bd.*, 75 NY2d 660, 666), we find no basis to disturb PERB's efforts to consider the Taylor Law's community of interest standard as a factor in both initial uniting and fragmentation cases.

In regard to petitioner's concern that PERB's determination will lead to an undue proliferation of bargaining units, we note that PERB has not abandoned its long-standing policy of requiring compelling evidence of the need to fragment existing bargaining units (*Matter of County of Steuben [CSEA]*, 34 PERB ¶ 3023 [2001]). Also, as the exception to the general fragmentation standard is extended here only to another situation where PERB had no occasion to consider upon initial uniting whether a job title would be more appropriately placed in a separate bargaining unit and where there is a clear basis in the employees' responsibilities to fragment their job title from other unit personnel, undue proliferation should not result.

We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.