■ In the Matter of the Claim of JOSEPH BOGERT, JR., Respondent, v E.B. DESIGN AIR, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 279]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2006, which ruled that claimant's injury arose out of and in the course of his employment and awarded claimant workers' compensation benefits.

Claimant was injured while playing softball at a company picnic organized by the employer. He filed a claim for workers' compensation benefits and the employer's workers' compensation carrier controverted coverage. After a hearing, claimant was found to have suffered a work-related injury. The carrier and employer sought review. The Workers' Compensation Board ultimately affirmed, and the employer and carrier appeal.

Workers' Compensation Law § 10 (1) sets forth three conditions under which workers' compensation benefits may be awarded for injuries incurred during voluntary participation in an off-duty athletic activity that is not a part of the employee's work-related duties. Specifically, an award is foreclosed under section 10 unless "the employer (1) required the employee to participate in the activity, (2) paid the worker to do so, or (3) sponsored the activity" (*Matter of Dorosz v Green & Seifter*, 92 NY2d 672, 676 [1999]). This case involves the condition applicable when the employer sponsors the activity, which is established by evidence of "some type of affirmative act or overt encouragement by the employer" (*Matter of Kobre v Camp Mogen Avraham*, 255 AD2d 636, 637 [1998]; *see Matter of Dorosz v Green & Seifter, supra* at 676; *Matter of Koch v Rockland County Sheriff's Dept.*, 289 AD2d 865, 866 [2001], *lv denied* 98 NY2d 601 [2002]; *Matter of Baker v Sentry Group*, 269 AD2d 668 [2000]). Such a determination is a factual issue for the Board which will be upheld if supported by substantial evidence (*see Matter of Eddy v Rochester-Genesee Regional Transp. Auth.*, 248 AD2d 769, 770 [1998]). Here, the record demonstrates that the employer disseminated notice of and organized both the picnic and the softball game, paid for use of the picnic site, and provided food. Further, notice of the picnic asked employees to

"bring a glove" for the softball game, and the employer paid for rental of the balls, bats and bases. Given these facts, we conclude that there is substantial evidence in the record to support the Board's finding that the employer sponsored the off-duty athletic activity that caused claimant's injury such that the injury arose out of and in the course of his employment.

Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.