In the Matter of the Claim of CHARLES MACK, Appellant, v KINGS COUNTY HOSPITAL CENTER, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 277]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed January 23, 2006, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment.

On July 24, 2004, claimant, a hospital care investigator assigned to his employer's patient accounts department, injured his left ankle while playing basketball at "Finance Family Fun Day," an annual picnic for department employees organized by the department's managers. Following a hearing regarding his claim for workers' compensation benefits, a Workers' Compensation Law Judge determined that claimant's injury was work related. Upon review, that determination was reversed by the Workers' Compensation Board, prompting this appeal.

Inasmuch as claimant's employer neither required that he attend "Finance Family Fun Day" nor compensated him for doing so, his injury is compensable only if the employer sponsored the day's activities "through *overt* encouragement of employee participation" (*Matter of Eddy v Rochester-Genesee Regional Transp. Auth.*, 248 AD2d 769, 770 [1998] [emphasis added]; *see* Workers' Compensation Law § 10 [1]). We note that "overt encouragement . . . require[s] more than 'notices of the activity on the company bulletin board, announcement in its news letter or even use of its equipment to duplicate notices of or about the activity' " (*Matter of De Carr v New York State Workers' Compensation Bd.*, 151 AD2d 935, 936 [1989] [citation omitted]). Similarly, the fact that an activity is held to promote "morale of the office" is not a basis for a finding of compensability (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 10, at 414, 416; *see Matter of Dorosz v Green & Seifter*, 92 NY2d 672, 676 [1999]).

Here, although the employer paid for food at the picnic and allowed flyers advertising the event to be distributed throughout the department, employees were charged a $7 admission fee to offset the cost of the event which, although limited to department personnel, was held away from the employer's premises on a day that claimant did not typically work. Furthermore, there is nothing in the record to indicate that the employer expressly invited or suggested that employees participate in any of the activities, including the basketball game during which claimant was injured, or that the employer provided equipment for the activities (*cf. Matter of Bogert v E.B. Design Air, Inc.*, 38 AD3d 1125, 1125-1126 [2007]; *Matter of Kobre v Camp Mogen*

*Avraham*, 255 AD2d 636, 637-638 [1998]). In our view, the record contains substantial evidence supporting the Board's conclusion that claimant's injury did not arise out of and in the course of his employment (*see Matter of Koch v Rockland County Sheriff's Dept.*, 289 AD2d 865, 866 [2001], *lv denied* 98 NY2d 601 [2002]; *Matter of Farnan v New York State Dept. of Social Servs.*, 187 AD2d 864, 864-865 [1992]; *Matter of De Carr v New York State Workers' Compensation Bd.*, *supra* at 936) and, thus, the determination must be affirmed notwithstanding evidence that could support a contrary result (*see Matter of Baker v Sentry Group*, 269 AD2d 668, 669 [2000]).

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.