■ In the Matter of the Claim of CHERYL HUFF, Respondent, v DEPARTMENT OF CORRECTIONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [860 NYS2d 244]—

---

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed February 23, 2007, which ruled that claimant's injury arose out of and in the course of her employment.

Claimant is a correction officer who, at the time of her injury in May 2005, was employed at the Greene Correctional Facility in Greene County. While practicing volleyball for the employer's "Olympics," on a team representing another correctional facility, claimant sustained an injury to her right calf. The Workers' Compensation Board ruled that claimant's injury arose out of and in the course of her employment and the employer and its workers' compensation carrier appeal.

Where an employee is neither required nor compensated to participate in an off-duty athletic-related activity, an injury attributable to such is compensable only when the employer "otherwise sponsors the activity" (Workers' Compensation Law § 10 [1]; *see Matter of Dorosz v Green & Seifter*, 92 NY2d 672, 676 [1999]; *Matter of Mack v Kings County Hosp. Ctr.*, 41 AD3d 1063, 1064 [2007]; *Matter of Bogert v E.B. Design Air, Inc.*, 38 AD3d 1125, 1125 [2007]). Sponsorship has been found when there is an affirmative act or overt encouragement by the employer to participate (*see Matter of Mack v Kings County Hosp. Ctr.*, 41 AD3d at 1064; *Matter of Bogert v E.B. Design Air, Inc.*, 38 AD3d at 1125). As significant here, when an agency makes a determination that is contrary to its prior decisions on similar facts, it must set forth a rational explanation for doing so or such determination will be deemed arbitrary and capricious (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, Ichabod Crane Cent. School Dist. CSEA Unit v New York State Pub. Empl. Relations Bd.*, 300 AD2d 929, 930 [2002]; *Matter of Bull [Yansick Lbr. Co.—Sweeney]*, 235 AD2d 722, 723 [1997], *lv dismissed* 90 NY2d 913 [1997]).

Here, the Board's finding of compensability of claimant's injury, sustained in the course of training for the Olympics, runs contrary to a previous Board decision with almost identical facts (*see Matter of New York State Dept. of Corrections*, 1999

WL 412327, 1999 NYWCLR [LRP] LEXIS 120 [WCB No. 59715589, 1999]). The reasons proffered by the Board for its departure from precedent were two-fold. The first distinction made was that claimant here had already registered to participate in the Olympics, whereas the claimant in the previous case had not. However, we find those facts to be inapposite, inasmuch as the present inquiry involves the actions of the employer in encouraging the activity, not the status of the participant. Notably, the Board's decision in *Matter of New York State Dept. of Corrections* (*supra*) was premised on the fact that the employer did not sponsor the activity, not the fact that the claimant had not yet registered (*id.* at *5).

Additionally, the Board grounded its departure in a perceived change in the decisional law, based upon this Court's decision in *Matter of Baker v Sentry Group* (269 AD2d 668 [2000]). However, the facts in *Matter of Baker* were substantially dissimilar to the facts of both the instant case and the 1999 precedent. In *Matter of Baker*, the employer employed a coordinator to manage its recreational facility and its programs, and offered incentives to its employees to participate, elements not present here (*id.* at 668). Significantly, a subsequent Board decision in January 2007, on almost identical facts, followed the Board's 1999 precedent inasmuch as it found that a correctional employee's injury, while training to represent the facility in a statewide athletic competition, was not compensable because the employer did not sponsor or encourage participation in the activity (*see Matter of New York State Dept. of Corrections*, 2007 WL 386965, *1-2, 2007 NY Wrk Comp LEXIS 25, *3-4 [WCB No. 0052 1727, 2007]). As such, we find that the Board has not provided a rational basis for departing from its own precedent and the decision must be reversed.

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.