■ In the Matter of TROY BOOTH, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [871 NYS2d 783]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed January 2, 2007, which ruled that claimant's injury did not arise out of and in the course of his employment.

Claimant, a correction officer at Arthur Kill Correctional Facility in Richmond County, was injured while practicing basketball off-duty at the facility in preparation for the "Department of Correction Olympics," an annual event involving correction officers and staff from the various correctional facilities around the state. Following a hearing, a Workers' Compensation Law Judge disallowed claimant's application for workers' compensation benefits, finding that the accident did not occur during an athletic event sponsored by the employer. On review, the Workers' Compensation Board affirmed and this appeal ensued.

We affirm. As claimant's participation in the event was neither required nor compensated by the employer, his injury is compensable only if the employer overtly encouraged his participation (see Workers' Compensation Law § 10 [1]; Matter of Huff v Department of Corrections, 52 AD3d 1003, 1004 [2008]; Matter of Mack v Kings County Hosp. Ctr., 41 AD3d 1063, 1064 [2007]; see also Matter of Dorosz v Green & Seifter, 92 NY2d 672, 676 [1999]). Moreover, whether a claimant's injury arose in the course of employment is a factual decision for the Board and its determination will be upheld if supported by substantial evidence (Matter of Bogert v E.B. Design Air, Inc., 38 AD3d 1125, 1125 [2007]; accord Matter of Eddy v Rochester-Genesee Regional Transp. Auth., 248 AD2d 769, 770 [1998]). Here, the team and event were organized by the employees, and participants were responsible for all related costs of the competition, including entry fees, transportation costs, hotel and meal expenses, and uniforms. Additionally, practices were held after work hours, and participants had to use personal leave time to be paid for the days spent at the competition. Although the practice where claimant was injured was held at the employer's facility gym, that gym was open to all employees during designated times. While the actual competition was held in another of the employer's facilities, the use of those facilities, without any other encouragement to participate or control by the employer, is more a matter of convenience for the competitors than an overt sponsorship of the event by the employer (see

*Matter of De Carr v New York State Workers' Compensation Bd.*, 151 AD2d 935, 936 [1989]; *cf. Matter of Baker v Sentry Group*, 269 AD2d 668, 669 [2000]). As substantial evidence supports a finding that claimant's injury did not arise out of and in the course of his employment, the Board's determination must be affirmed (*see Matter of Mack v Kings County Hosp. Ctr.*, 41 AD3d at 1065; *Matter of Koch v Rockland County Sheriff's Dept.*, 289 AD2d 865, 866 [2001], *lv denied* 98 NY2d 601 [2002]).

Peters, J.P., Rose and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.