■ In the Matter of the Claim of FRANK P. TORRE, Respondent, v LOGIC TECHNOLOGY, INC., Respondent, and THE HARTFORD, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [881 NYS2d 675]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed April 23, 2008, which ruled that claimant's injury arose out of and in the course of his employment and awarded workers' compensation benefits.

Claimant was employed by a firm that performed on-site contracting work for General Electric Company. He suffered a spinal cord injury while participating in an exercise class at the G.E. Fitness Center during work hours. Following a hearing, a Workers' Compensation Law Judge determined that claimant's injury arose out of and in the course of his employment. The Workers' Compensation Board affirmed, prompting this appeal.*

We affirm. A claimant cannot recover workers' compensation benefits for an injury arising out of his or her "voluntary participation in an off-duty athletic activity not constituting part of the employee's work related duties unless the employer (a) requires the employee to participate in such activity, (b) compensates the employee for participating in such activity or (c) otherwise sponsors the activity" (Workers' Compensation Law § 10 [1]; see Matter of Bogert v E.B. Design Air, Inc., 38 AD3d 1125, 1125 [2007]). Assuming that claimant was off duty when he took the circuit class, he was neither compensated for nor required to participate in it. As such, he was obliged to

* The notice of appeal states that both the employer and its workers' compensation carrier are appellants, but the employer opposed the carrier's application for Board review below and has not submitted any brief on this appeal. As such, we deem the appeal to have been taken by the carrier alone (see CPLR 2001; Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor, 46 AD3d 1147, 1148 n 2 [2007], lvs denied 10 NY3d 708 [2008]).

show that the employer sponsored the activity, which required "an affirmative act or overt encouragement by the employer to participate" (*Matter of Huff v Department of Corrections*, 52 AD3d 1003, 1004 [2008]; *see Matter of Booth v New York State Dept. of Corrections*, 58 AD3d 1027, 1028 [2009]).

Claimant was encouraged by the employer to have a gym membership. Indeed, the employer offers reimbursement to its employees for half of their G.E. Fitness Center membership fees, although claimant elected not to seek that reimbursement. Moreover, claimant's position required him to develop contacts with current and prospective clients, and both he and the employer's president stated that participating in the circuit class furthered that function. Given those facts, we conclude that the Board's determination is supported by substantial evidence (*see Matter of Baker v Sentry Group*, 269 AD2d 668, 668-669 [2000]; *Matter of Diem v Diem & Buerger Ins. Co.*, 146 AD2d 840, 841-842 [1989]).

Cardona, P.J., Mercure, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.