■ In the Matter of the Claim of CHARLES A. CATAPANO, Respondent, v JAW, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [902 NYS2d 682]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 24, 2008, which, among other things, found that the Special Disability Fund's consent to a third-party settlement was not required.

Claimant suffered injuries in an accident at work, and this workers' compensation claim was established in 1996. The employer's workers' compensation carrier then filed a notice of claim for reimbursement out of the Special Disability Fund and, in 2000, the Fund was found liable for reimbursement pursuant to Workers' Compensation Law § 15 (8) (d). Shortly thereafter, claimant settled a personal injury action arising out of the accident, and the carrier gave its consent to the settlement, waived its lien on the proceeds and took a credit against claimant's net recovery (*see* Workers' Compensation Law § 29 [4], [5]; *Burns v*

*Varriale*, 34 AD3d 59, 61 [2006], *affd* 9 NY3d 207 [2007]). The Fund's consent to the settlement was not sought and, as a result, it refused to reimburse payments of deficiency compensation made by the carrier. The Workers' Compensation Board ultimately held that the Fund's consent was not required, and the Fund appeals.

While the Board is free to alter a course previously set out in its decisions, it must set forth its reasons for doing so, and the Board's failure to do so renders its decision arbitrary and capricious (*see Matter of Charles A. Field Delivery Serv..[Roberts]*, 66 NY2d 516, 520 [1985]; *Matter of Hernandez v Taco Bell, Inc.*, 52 AD3d 891, 893 [2008]). The Board has previously held that where the Fund has been found liable for reimbursement to the carrier under Workers' Compensation Law § 15 (8) (d), the carrier waives its right to that reimbursement if it does not obtain the Fund's consent to a settlement (*see Matter of Care Diagnostic Lab.*, 2006 WL 832793, *2, 2006 NY Wrk Comp LEXIS 2612, *4 [WCB No. 2931 7021, Mar. 28, 2006]; *see e.g. Matter of Brigotta Farmland*, 2006 WL 1064007, *2-4, 2006 NY Wrk Comp LEXIS 3343, *5-10 [WCB No. 8021 3739, Apr. 18, 2006]). Indeed, the carrier here readily admits that the cited precedent does not support the Board's present holding, but nonetheless argues that the prior cases were wrongly decided. However, as that prior precedent was not addressed in any way in the Board's decision, we must remit this matter for further proceedings.

Cardona, P.J., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.