■ In the Matter of the Claim of BISHNU S. BAIJU, Appellant. COMMISSIONER OF LABOR, Respondent. [915 NYS2d 327]—

Stein, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 27, 2010, which, upon reconsideration, among other things, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was not available for employment.

Claimant, a foreign national, was employed as a finance manager for the employer under an H-1B visa until he separated from employment in 2008. In July 2008, claimant first applied for unemployment insurance benefits. Following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that claimant had separated from employment under nondisqualifying circumstances and was available for work because his work

---

* Claimant denied making these statements.

visa was effective until May 5, 2011. Pursuant to that decision, claimant received unemployment insurance benefits from July 2008 until February 2009. In March 2009, claimant again submitted a claim for unemployment insurance benefits. In response, the Department of Labor issued an initial determination finding that claimant was not available for work dating back to July 2008 and assessing him with a recoverable overpayment of emergency unemployment insurance benefits in the amount of $3,645. Ultimately, the Unemployment Insurance Appeal Board affirmed that determination and, after reconsideration, adhered to its decision. Claimant now appeals.

We reverse. It is well settled that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]; *see Matter of Catapano v Jaw, Inc.*, 73 AD3d 1361, 1362 [2010]; *Matter of Huff v Department of Corrections*, 52 AD3d 1003, 1004 [2008]). Here, an ALJ issued a determination in July 2008 finding that claimant did not separate from employment under disqualifying circumstances and, further, that he was available for work because his visa was effective until May 2011. The record contains no indication that the July 2008 determination was ever appealed and, in fact, claimant received benefits pursuant to that decision from July 2008 to February 2009. As such, that determination was "deemed" the decision of the Board from the date of filing (*see* Labor Law § 620; *Matter of Bull [Yansick Lbr. Co.—Sweeney]*, 235 AD2d 722, 724 [1997], *lv dismissed* 90 NY2d 913 [1997]; *Matter of Schimmel [Roberts]*, 101 AD2d 681, 681 [1984]). Following a subsequent claim and further proceedings before a different ALJ, the Board found that claimant was not available for work, despite the continued existence of a valid work visa, and nullified claimant's right to receive benefits for the period for which he had already been awarded benefits. Significantly, the Board provided no explanation for departing from its previous determination in the matter. Therefore, its decision must be reversed and the matter remitted to the Board (*see Matter of Catapano v Jaw, Inc.*, 73 AD3d at 1362; *Matter of Huff v Department of Corrections*, 52 AD3d at 1004).

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.