■ In the Matter of the Claim of CARLYLE WILLIAMS, Claimant, v LLOYD GUNTHER ELEVATOR SERVICE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [960 NYS2d 732]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed October 5, 2011, which ruled that the employer's workers' compensation carrier may not begin taking a credit against claimant's net recovery from a third-party action until the date on which claimant received the recovery.

Claimant established a compensable claim for workers'

compensation benefits in 2003. Claimant also initiated a personal injury action related to his injuries against a third party. On September 16, 2010, the employer's workers' compensation carrier consented to a settlement of the third-party action for $35,000. On October 5, 2010, claimant received his settlement. Thereafter, the carrier notified the Workers' Compensation Board that it had suspended making payments to claimant on October 1, 2010 pursuant to the settlement and claimed an overpayment of $6,160. Following a hearing, a Workers' Compensation Law Judge found, among other things, that the carrier's credit against claimant's third-party recovery commenced on October 5, 2010, the date claimant actually received the settlement. The carrier requested full Board review, arguing that the credit commencement date should have been September 16, 2010, the date the carrier consented to the settlement. Upon review, the Board affirmed the determination and the employer and the carrier now appeal, claiming that the Board failed to follow its own precedent.

In situations such as this, where a workers' compensation carrier consents to a claimant's recovery in a third-party negligence action, the carrier may be granted a lien on the proceeds of the recovery equal to the amount of benefits already paid, as well as a credit for any future benefits owed the claimant until the proceeds of the recovery are exhausted (*see* Workers' Compensation Law § 29 [1], [4]). Although there is no reference in the statute as to when the credit shall commence (*see* Workers' Compensation Law § 29 [4]), the Board generally considers the day that a claimant actually collects the recovery as the date upon which a carrier's credit commences (*see* *Employer: Woltmann Assoc.*, 2012 WL 1371552, \*3, 2012 NY Wrk Comp LEXIS 02876, \*7 [WCB No. 2080 1486, Apr. 12, 2012]; *Employer: Hempstead Park Nursing Home*, 2011 WL 5128656, \*2, 2011 NY Wrk Comp LEXIS 06125, \*5-6 [WCB No. 2921 4308, Oct. 20, 2011]; *Employer: Microvisions CCC*, 2007 WL 1149697, \*2, 2007 NY Wrk Comp LEXIS 02621, \*3-4 [WCB No. 4050 1809, Mar. 16, 2007]). The Board has, however, allowed a carrier to begin taking the credit on the date that it consented to the settlement, provided that its consent letter reflected a clear understanding by both parties that no further payments would be made by the carrier unless or until the credit was exhausted (*see* *Employer: Rubbage Constr.*, 2012 WL 2355731, \*2, 2012 NY Wrk Comp LEXIS 05008, \*3-4 [WCB No. 3070 8998, June 14, 2012]; *Employer: Poughkeepsie Bus. Park LLC*, 2007 WL 4953775, \*2-3, 2007 NY Wrk Comp LEXIS 11272, \*4-6 [WCB No. 5021 0032, Dec. 24, 2007]; *Employer: A J M Group, Inc.*, 2006 WL 1968363, \*2, 2006 NY Wrk Comp LEXIS

05994, *3-5 [WCB No. 4040 1115, June 30, 2006]; *Employer: Collins Bldg. Servs.*, 2005 WL 401975, *2, 2005 NY Wrk Comp LEXIS 11514, *3-5 [WCB No. 0012 7923, Feb. 14, 2005]).

Here, the Board did not base its determination upon an assessment of the terms expressed in the carrier's consent letter. Rather, the Board found that, since the carrier was not also the carrier that was liable in claimant's third-party action, the carrier could not begin taking its credit until the date that claimant received his settlement. In support of its determination, the Board cited *Employer: Icon Routing* (2008 WL 4602817, 2008 NY Wrk Comp LEXIS 09555 [WCB No. 3051 0281, Oct. 1, 2008]). Our review of that decision, however, reveals that the cited precedents do not support the Board's present holding (*id.*). Rather, in *Icon Routing*, the Board determined that the workers' compensation carrier in all the cited precedents was the same and it was entitled to commence its credit on the date of its consent based upon the terms expressed in the consent letter (*id.*). Significantly, subsequent Board decisions have also found that carriers were permitted to take credit for the third-party recovery as of the date of consent, based upon the language in the consent letter, with no consideration as to whether the workers' compensation carrier and the carrier liable in the third-party action were the same (*see Employer: Frame Tech*, 2012 WL 6561787 [WCB No. 3060 4896, Dec. 5, 2012]; *Employer: HDV Concrete, Inc.*, 2012 WL 2476621, 2012 NY Wrk Comp LEXIS 05350 [WCB No. G007 1515, June 25, 2012]). "While the Board is free to alter a course previously set out in its decisions, it must set forth its reasons for doing so, and the Board's failure to do so renders its decision arbitrary and capricious" (*Matter of Catapano v Jaw, Inc.*, 73 AD3d 1361, 1362 [2010] [citations omitted]). Inasmuch as the Board has not provided a rational explanation for departing from its prior precedent in determining when a carrier's credit pursuant to Workers' Compensation Law § 29 (4) commences, the decision must be reversed and the matter remitted for further proceedings. In light of our holding, the employer and carrier's remaining contention is academic.

Mercure, J.P., McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.